EHLE *vs.* BINGHAM.

The judgment of a court of competent jurisdiction, directly upon the point, is conclusive by way of plea in bar in another suit, where the same matter is directly in question between the same parties.

And if the previous judgment, relied upon as a bar, is set up as such in the notice attached to a plea of the general issue, it will be equally conclusive as if pleaded specially.

And where it appears from an inspection of the record of the judgment in the former suit, that the same matter in issue in the second suit was directly in question in the former suit; and it also appears from the testimony taken on the former trial that evidence was given, or attempted to be given, in support of the defence then set up, by an examination of the plaintiff's witness, this is sufficient to constitute a bar; although the defendant introduced no witness on his part.

The fact that the proof on the part of the defendant in the former suit was held insufficient to establish the defence set up, is no evidence that the matter in issue in the second suit was not distinctly passed upon in the former suit.

The mere fact that in the former suit another person was joined as a defendant with the plaintiff in the second suit, will not deprive the defendant in the second suit of the benefit of the former judgment, as a bar.

Where there is no question raised, on the second trial, as to the identity of the matters in controversy in the two suits, but the only question is as to the effect which ought to be given to the former judgment, it should not be submitted to the jury to determine whether the matter in issue in the second suit was passed upon in the former.

MOTION for a new trial. The action was brought to recover damages for the breach of a warranty upon a sale of sheep; and was tried at the New-York circuit in June 1846, before EDMONDS, *Circuit Judge.* The plaintiff alledged, in his declaration, that the defendant sold him 181 sheep, which he warranted to be sound, free from disease, and good mutton, for which the plaintiff agreed to pay $317; giving his note for that sum. The plaintiff averred that the sheep were diseased, and had the scab, and that the defendant knew it; and that the plaintiff turned them in with a flock of 500 other sheep, which all became diseased thereby. The defendant pleaded the general issue, and gave notice of a former suit brought by

him upon the note given for the price of the sheep, against John H. Ehle, the plaintiff in this suit, and his brother Daniel Ehle, who signed the note as surety for John H. Ehle, in which suit the subject matter of this action was set up and insisted on as a defence, by the defendants therein. On the trial of the present suit the plaintiff proved the purchase of the sheep by him, from the defendant, and the warranty. The defendant gave in evidence the judgment record of a cause between Nathan Bingham, plaintiff, and John H. Ehle and Daniel Ehle, defendants, which action was upon a promissory note given for the purchase of the sheep in question, and that the defendant in that action set up as a defence in that action the subject matter of this suit. The defendant also gave in evidence the deposition of John Nellis, the referee in the former cause, to show what took place, on the trial before him. On the trial of this cause the plaintiff's counsel took four exceptions: 1st. To the decision of the circuit judge sustaining the objection of defendant's counsel and overruling the offer of plaintiff's counsel to show by Daniel Ehle, the witness and surety to the note, that he would not have become security if he had known that the sheep were diseased. 2d. To the introduction of the record in evidence. 3d. To the evidence of John Nellis. 4th. To that part of the opinion of his honor the circuit judge, in which he stated that the former suit was a bar to this action, and that the record of the judgment in that suit was conclusive evidence of that fact. The judge instructed the jury to find a verdict for the defendant; and the jury, under such instructions, found a verdict accordingly. The defendant, upon a bill of exceptions moved for a new trial.

*H. P. Allen*, for the plaintiff.

*Mitchell & Sacia*, for the defendant.

*By the Court*, EDWARDS, J. Since the decision which was made in the *Duchess of Kingston's case*, (20 *Howell's State Trials*, 538,) the judgment of a court of competent jurisdiction,

directly upon the point, has been considered conclusive by way of plea in bar in another suit, where the same matter is directly in question between the same parties. There has been some diversity of opinion whether it will have the same effect as evidence, when it is not pleaded. In the case before us the previous judgment, which is relied upon as a bar, was set up as such in the notice attached to the defendant's plea. Of course, then, there can be no question whether or not it was properly given in evidence; and it follows that the circuit judge was right in instructing the jury that it was conclusive, provided the same matter was directly in question, and was passed upon in the former suit. (*See Young* v. *Rummill,* 2 *Hill,* 478.)

The plaintiff, in the present action, claimed to recover damages for false and fraudulent representations on the sale of a quantity of sheep. The defendant pleaded what was intended as the general issue, and gave notice that he would insist upon, and prove by way of bar, that in a former suit brought by the defendant upon a promissory note made by the plaintiff and one Daniel Ehle, and given for the identical sheep mentioned in the plaintiff's declaration, he gave notice that he would prove, and that he attempted to prove by way of defence, the same matter which is set forth as the cause of action here, and that a judgment was rendered for the plaintiff in that suit.

Upon the trial of this cause the defendant introduced in evidence the record of the judgment in the former suit; and it appears from inspection that the same matter in issue here was directly in question in that suit. It also appears from the testimony taken on the former trial, that evidence was given, or attempted to be given, in support of the defence which was then set up.

It is said, however, on the part of the plaintiff, that in the former suit he introduced no witness on his part, and that therefore he should not be considered as having set up a defence. The bill of exceptions shows that he introduced testimony, and although it was by an examination of the witness of his adversary, still that examination was in reference to new matter, which had been pleaded by way of defence, and had reference

Ehle v. Bingham.

to the very point which is in issue here. We are not at liberty to say that the matter was not distinctly passed upon in the former suit, because the proof on the part of the defendants was insufficient. Neither can we take into consideration the fact which was urged on the argument, that the referee decided the suit before the defendants were prepared with all their proofs. If they were entitled to any benefit from such a consideration, they should have applied for relief in the former suit.

But, it was said that the defendants abandoned their defence before the referee made his report. The bill of exceptions shows no such fact. It shows that the defendants failed to establish their defence; not that they abandoned it.

It was also contended that the parties in the two suits were different. But it will be remembered that the former suit was upon a promissory note, which grew out of a transaction to which the plaintiff and defendant in this suit, alone were parties, and that the plaintiff in this suit put in a separate plea, and notice of matter personal to himself; and the mere fact that another person was sued with him ought not to deprive the defendant in this suit of the benefit of the former judgment.

It was further contended by the plaintiff's counsel that it should have been submitted to the jury to determine whether the matter in issue in this suit had been passed upon in the former suit. It will be seen by reference to the bill of exceptions that there was no question upon the trial as to the identity of the matters in controversy in the two suits. The only question was as to the effect which should be given to the former judgment. In the case of *Gardner* v. *Buckbee*, (5 *Cowen*, 226,) which was relied upon by the plaintiff's counsel, it did not appear from the record, whether the two cases were founded on the same, or a different state of facts; and one of the grounds on which the admissibility of the record in the former suit was objected to was, that the subject matter of the two suits was different. It also appears from that part of the opinion of the court which was relied upon on the argument, that there was a question as to the identity of the matters in controversy.

The conclusion, then, to which we have arrived is, that as

the points in issue here, were also in issue, and were passed upon in the former suit, the judgment in that suit must be considered as conclusive; and that the circuit judge was right in so instructing the jury,

The motion for a new trial is denied.

SAME TERM. *Before the same Justices.*