ROSELL H. MEAGLEY, LAMOTT BLANCHARD AND JOHN A. MEAGLEY, APPELLANTS, *v.* THE CITY OF BINGHAM-TON AND OTHERS, RESPONDENTS.

*Practice — former adjudication — when a bar — when a joint demurrer to a defense good as against two of three plaintiffs will not be sustained.*

This action was brought to restrain the defendants from removing a bridge which crossed one of the public streets in the city of Binghamton, and united two parcels of land which were owned by one of the plaintiffs and were occupied by the other two plaintiffs as his tenants. The defendants set up as a defense, as to the two tenants, that the city had brought an action against them in the Recorder's Court of the city of Binghamton, to recover penalties for erecting this bridge, and had recovered a judgment therein for $200.

*Held,* that a joint demurrer interposed by the plaintiffs should be overruled.
That the matter pleaded was a bar as to the two tenants; and that the conclusive
effect of the former adjudication was not diminished, as to them, by the fact
that another person was joined as a plaintiff with them in this action.

APPEAL from an order overruling a demurrer interposed to part
of the defendants' answer, and from the judgment entered thereon.

*Clark & Brown,* for the appellants.

*Alexander D. Wales,* for the respondents.

FOLLETT, J. :

This action is to restrain the defendants from removing a bridge
which spans State street (one of the public streets of the city of
Binghamton) and unites two pieces of land owned by John A.
Meagley and occupied by Rosell H. Meagley and Lamott Blan-
chard (under the firm name of Meagley & Blanchard) as tenants of
John A. Meagley. The bridge was built by Meagley & Blan-
chard in 1882. As a second defense to the right of action of
Meagley & Blanchard, it is alleged that the city brought an action
against them in the Recorder's Court, in the city of Binghamton,
to recover penalties for the erection of this bridge over State street,
and that May 25, 1882, a judgment was recovered for $200 in the
action. It is further alleged that Meagley & Blanchard appealed
to the County Court of Broome county, where the action was
retried and resulted in a verdict of $100 in favor of the city.
This adjudication is pleaded as a bar to the right of action of Meag-
ley & Blanchard, but not as to the right of action of John A. Meag-
ley, the owner of the premises. The plaintiffs jointly demur to
this defense, upon the ground that the facts alleged do not consti-
tute a defense. The demurrer was overruled at Special Term, and an
interlocutory judgment entered, from which the plaintiffs appeal.

The former adjudication not being pleaded as against John A.
Meagley, it is unnecessary to consider the appellants' first point,
that the judgment against John A. Meagley's tenants is not a bar
against him. The only question is, whether the former adjudication
against Meagley & Blanchard is a bar to their right to maintain this
action. The subject-matter in both actions is the same, to wit. :
(1.) Whether State street is a legal street. (2.) Whether Meagley

& Blanchard had a right to erect and maintain this bridge over it. It is alleged that these questions have been determined against them by the former adjudication. Were Meagley & Blanchard sole plaintiffs in this action, the conclusiveness of the former adjudication would not be questioned. The fact that Meagley & Blanchard have joined another person with them as plaintiffs in this action, brought to retry their right to erect and maintain this bridge, does not render the former adjudication less conclusive as a bar to their right of recovery. (*Van Slyck* v. *Newton*, 10 Hun, 554.) In the case cited the plaintiffs held a chattel mortgage executed by one Stearns, who, afterwards, assigned his property to Van Slyck for the benefit of creditors. The vendors of part of the goods covered by the mortgage and assigned brought replevin against Stearns and Van Slyck upon the ground that Stearns purchased the goods with a preconceived design not to pay for them, and recovered. Van Slyck & Foote then sued the deputy sheriff for taking the goods upon the direction of the vendors upon the replevin process, and it was held that the former judgment was a bar as against Van Slyck and evidence as against Foote, his copartner and coplaintiff. (*Thompson* v. *Roberts*, 24 How. [U. S.], 233; *Lawrence* v. *Hunt*, 10 Wend., 80; *Dows* v. *McMichael*, 6 Paige, 139; *Ehle* v. *Bingham*, 7 Barb., 494.)

The demurrer was not well taken, and the judgment is affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.