Report confirmed, except in the particulars stated in the opinion.

---

C. FAYETTE TAYLOR, Appellant, *v.* THE MANHATTAN RAILWAY COMPANY and METROPOLITAN ELEVATED RAILWAY COMPANY, Respondents.

*Causes of action for injuries to the person of one partner and to the property of the firm cannot be united — statute of limitations — the subsequent results naturally following from injuries received do not extend the time.*

In 1887 and 1888, when the defendant the Manhattan Railway Company, the predecessor of the Metropolitan Elevated Railway, began to build its elevated railway, one Taylor, together with his partner, Chrystie, were in possession of certain premises in Sixth avenue and Fifty-third street, New York city, under a lease which expired on May 1, 1882, and which contained a privilege of renewal. In February, 1882, Taylor and Chrystie brought an action against the defendants in the Superior Court to recover the damages to the property of the plaintiffs therein, resulting from the construction of defendants' road, which was tried and resulted in a judgment in favor of the plaintiffs, which judgment was subsequently reversed by the General Term. Upon the trial of the action in the Superior Court no claim was made for personal injuries to the plaintiff Taylor.

In May, 1884, the partnership having been dissolved, and Chrystie having assigned to the plaintiff all his right and interest in the leasehold estate, and his claim for damages, the plaintiff served a supplemental complaint in the action in the Superior Court, claiming damages for personal injuries sustained by him, and .

thereafter served a new and amended supplemental complaint in place of both the former complaints, omitting the special allegations as to personal injuries, and demanded a judgment for the damages to his property. The action was tried and a verdict was rendered in favor of the plaintiff, which was affirmed by the General Term and is now awaiting a hearing in the Court of Appeals.

In 1887 Taylor began an action in the Supreme Court, setting up in his complaint the business which he had been carrying on in the premises in question, and that by reason of the noise caused by the operating of defendants' road, and the smoke, dust and dirt, stench and gas, and vapor and steam arising therefrom, in August, 1879, the plaintiff was made ill and suffered much personal discomfort and loss of health, which resulted, in October, 1881, in a permanent injury to his ear and nervous system, and caused, in 1884, an almost total loss of sight of both eyes and the prostration of the nervous system, which from that date continued to be his condition.

Upon appeal from a judgment dismissing the complaint upon the ground that the action had not been commenced within six years from the time at which the cause of action arose, and that the judgment in the Superior Court was a bar to its maintenance:

*Held,* that the judgment in the Superior Court was not a bar to the maintenance of this action, as the property injured belonged to two persons, while the personal injury was suffered by one, and that in such a case the two causes of action could not be united.

That the subsequent acquisition of the whole right of action by the plaintiff Taylor did not alter this proposition, because the question whether the items of damage must be included in an action, depends upon their ownership at the time of its commencement.

It appeared from the evidence that the difficulty with the ear and the nervous system of the plaintiff commenced as early as July, 1879; that inflammation of the ear then set in, which culminated in August, 1881, in the total loss of the hearing in one ear, and that plaintiff had suffered from repeated attacks of inflammation in the ear since that time, the pain and suffering never having ceased; and that since 1879 the plaintiff has been suffering from nervous prostration, the severity of which differed at different periods, so that in 1885 he gave up his business, and has since been entirely broken down in health and unfit for business.

*Held,* that as all that occurred subsequent to September, 1881, was the natural result of the injuries received prior to that time, and as there was no evidence whatever from which an inference could be drawn that any additional injuries had been sustained by the plaintiff subsequent to the time when these serious developments manifested themselves, that the action was barred by the statute of limitations.

Appeal by the plaintiff from a judgment, rendered at a Special Term held in the county of New York, dismissing the complaint which was entered in this action on the sixteenth day of January, in the office of the clerk of the county of New York.

*W. W. Badger*, for the appellant.

*Brainerd Tolles*, for the respondents.

Van Brunt, P. J. :

When, in 1877 and 1878, the defendant, the Metropolitan Elevated Railway Company, began to build its elevated railway and had completed the same to Sixth avenue and Fifty-Third street, the plaintiff, together with his partner, Mr. Chrystie, were in possession of certain premises in Sixth avenue and Fifty-Third street under a lease which expired on the 1st of May, 1882, and which contained a privilege for a renewal. In May, 1879, the railway was leased to the defendant, the Manhattan Railway Company, by whom it has since been operated. Appurtenant to the leasehold estate were certain easements of light, air and access, an unlawful trespass upon which the maintenance and operation of the defendant's railroad constituted.

In February, 1882, the plaintiff and said Chrystie began an action against these defendants in the Superior Court to recover the damages entailed upon the property of the plaintiffs, namely, said leasehold resulting from the violation of the plaintiff's said easement by the maintenance and operation of the defendant's road. This action was tried, and upon the trial no claim was made for personal injuries to the plaintiff Taylor. It resulted in a verdict for the plaintiff, but the judgment was reversed upon appeal to the General Term. Subsequently, in May, 1884, the partnership between the plaintiff and Chrystie was dissolved by mutual consent, and said Chrystie assigned to the plaintiff all his right, title and interest in the said leasehold estate, and also in any damages for injuries to them caused by the trespass of the defendants. The plaintiff thereupon, by leave of the court, served a supplemental complaint in which he also claimed damages for personal injuries sustained by him. The defendants demurred, and the demurrer was overruled, and upon the General Term affirming the judgment overruling the demurrer the defendants asked leave to withdraw their answer to the original complaint, and to demur to the original and supplemental complaint, taken together as one pleading. This leave was granted and the defendants thereupon demurred to said complaints. The plaintiff then served a new amended and supplemental complaint in place of both the former complaints.

The new complaint omitted the special allegations as to personal injuries and demanded judgment for the damages to his property as in the original complaint. The action was tried and a verdict rendered in favor of the plaintiff. The judgment thereupon entered was affirmed by the General Term, and the defendants' appeal from the affirmance of the judgment is now awaiting a hearing in the Court of Appeals.

In 1887 the plaintiff began this action, setting up in his complaint the business which he had been carrying on in the premises in question, and that by reason of the noise caused by operating the defendants' road, and the smoke, dust and dirt, stench and gas and vapor of steam arising therefrom, in August, 1879, the plaintiff was made ill thereby and suffered much personal discomfort and loss of health, which resulted, in October, 1881, in a permanent injury to his ear and nervous system, and caused, in 1884, an almost total loss of the sight of both eyes and prostration of the nervous system, which condition has continued until the present time. The defendants in their answer set up, amongst other things, that the action had not been commenced within six years from the time at which the cause of action arose, and as a bar to the maintenance of the action the judgment in the Superior Court. Upon the trial of this case the complaint was dismissed upon the grounds abovementioned, and from the judgment thereupon entered this appeal is taken.

It seems to us reasonably clear that the judgment in the Superior Court was not a bar to the maintenance of this action. Injuries resulting from a wrongful act, or a series of acts, may be both to property and person. Where the property belongs to two persons, and the personal injury is suffered by one, it would appear that the causes of action cannot be united. In the case at bar the property injured belonged to the plaintiff and his partner. They brought suit to recover the damages sustained by them arising from the trespass of the defendant. In such an action the personal injury received by one of the plaintiffs resulting from such trespass could not be recovered.

The subsequent acquisition of the whole right of action by the plaintiff Taylor cannot alter this proposition, because the question whether items of damages must be included in an action depends

upon their ownership at the time of the commencement of the action. Conceding it to be true that if Taylor had been the owner of these leasehold premises, and had brought an action to recover damages resulting from the trespass by the defendants upon the easement, that he would have been required to include injuries to person as well as to property, and that he could not have severed the claims for such injuries because the damages arose from the one continuing trespass, yet, in the case at bar, as already seen, Mr. Taylor was not the sole owner of the damages to the property, and he only became such sole owner after the action had actually been once tried. The cause of action for the personal injuries suffered by Taylor could not be united with the cause of action arising from the injuries to the property of the copartnership; and the subsequent acquisition by Taylor of this whole claim did not in any respect change his legal right.

The question presented by the statute of limitations is a more serious one. It is undoubtedly true that the operation of the railroad by the defendants was a continuing trespass, and that successive actions might be brought to recover the damages resulting from such trespass; and recognizing the rule laid down in *Secor* v. *Sturgis* (16 N. Y., 548), that in the case of torts each trespass or conversion or fraud gives a right of action, and but a single one, however numerous the items of wrong or damage may be, such rule has no application to the case at bar, because of the fact that the damages arising from the trespass complained of in this action did not arise from a single wrong, but are the result of a continuation of wrongful acts. The operation of the defendants' road each day is a separate and distinct trespass, and gives rise to a separate and distinct cause of action, and successive actions may be commenced and maintained to recover the damages sustained by such trespass. In the case of *Perry* v. *Dickerson* (85 N. Y., 347) it is laid down as a rule that there can be but one recovery for an injury from a *single wrong*, however numerous the items of damage may be; and, therefore, if the wrongs suffered in the case at bar do not result from a single act, and if there is any proof of any damage sustained by reason of this continuing trespass within six years from the commencement of the action, the statute of limitations cannot apply. This action was begun on the 28th of September, 1887; and the question

presented is, whether there is any proof of damage sustained subsequent to the 28th of September, 1881. The allegations in the complaint are that the plaintiff suffered great personal injury from the unlawful acts of the defendants in continuing and using their unlawful structure, and by its unlawful and wrongful running of engines and trains of cars until in August, 1879, the plaintiff was made ill thereby and suffered great pain and annoyance and loss of health and strength therefrom, which resulted in October, 1881, in a permanent injury to the ear and nervous system, including a total loss of hearing in the right ear and frequent inflammation and suffering therefrom ; and that in a further attempt to continue his business at that place he received further injuries which caused, in 1884, an almost total loss of the sight of both eyes and prostration of the nervous system, which condition has continued until the present time. It will be seen that, according to the allegations in the complaint, in October, 1881, the injuries had resulted in a permanent injury to the ear and nervous system, including a total loss of hearing in the right ear and frequent inflammation and suffering therefrom; and the only allegation of injury subsequent to that time was that in 1884 there resulted an almost total loss of the sight of both eyes and nervous prostration, which condition has continued up to the present time.

It appears from the evidence that it was in 1880 that a cataract commenced to form in his right eye, and in 1881 his eyes were somewhat congested, and that in September, 1882, they were somewhat more so, which may have been accounted for by the existence of the cataract. It is not claimed that the cataract was caused by the trespass of the defendants. It appears from the evidence that the difficulty with the ear and the nervous system commenced as early as July, 1879 ; that inflammation of the ear then set in, which culminated in August, 1879, in a total loss of the hearing in one ear, and that the plaintiff has suffered from repeated attacks of inflammation in the ear since that time, the pain and suffering never having ceased ; and that since 1879 the plaintiff has been suffering from nervous prostration, the severity of which differed at different periods, so that in 1885 he gave up his business and has ever since been entirely broken down and unfit for business.

It will thus be seen, upon a consideration of this evidence, that

all that occurred subsequent to September, 1881, were the natural results arising from injuries received prior to that time, and that there is no evidence whatever from which an inference can be drawn that any additional injuries have been incurred by the plaintiff subsequent to the time when these serious developments manifested themselves.

Although it is entirely true that the maintenance and operation of the defendant's road was a continuing trespass, yet, unless the evidence shows that by reason of that trespass separate and distinct injuries have been inflicted, then the injuries resulting from the trespass must relate back to the time when the injuries were first inflicted and the cause of action originally arose. Subsequent attacks of inflammation and subsequent pain and suffering, which must clearly be attributed to the condition of affairs existing prior to the 28th of September, 1881, would not give rise to any cause of action, because they were but the natural results of that which had already occurred.

It would, therefore, appear from the evidence, and this view seems to be in entire harmony with the allegations of the complaint, that all the injuries received by the plaintiff, except those relating to the eyes, had been received prior to the 28th of September, 1881, and that the attacks of inflammation occurring subsequent to that time, and the nervous prostration which seems to have increased after that period, are clearly traceable to the injuries sustained by the plaintiff prior to the date already mentioned; and there is no evidence justifying the inference that anything that the defendants did subsequently was their cause. As to the injuries to the eye, it is conceded, upon the record, that they were in no degree attributable to the operation of the defendants' road. Consequently, the result which must necessarily be arrived at is, that whatever sufferings and pain the plaintiff underwent subsequent to the 28th of September, 1881, were clearly attributable to injuries sustained by him prior to that time; and there is no proof to be derived from the evidence that subsequent to that period any additional injuries were sustained by him caused by the operation of the elevated road. Such being the case, it would appear that the statute of limitations applied, and that the plaintiff waited too long to assert his rights as against these corporations for the injuries which have been inflicted, and

that the learned court was correct in the disposition which it made of the case.

The judgment appealed from must, therefore, be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, with costs.