with it, is a conversion. Cooley, Torts (2d Ed.) 524. Thus, it is a conversion to apply to another use notes executed for a specific purpose. Hynes v. Patterson, 95 N. Y. 1; Petrie v. Williams, 68 Hun, 589, 595, 23 N. Y. Supp. 237; Laverty v. Snethan, 68 N. Y. 522; Badger v. Hatch, 71 Me. 562; Loomis v. Mowry, 8 Hun, 311; Railroad Co. v. Bayne, 75 N. Y. 1. Even the maker of a note who has paid it may maintain trover against the payee, who, instead of surrendering it, wrongfully disposes of it, whereby the maker is compelled to make payment a second time. Buck v Kent, 3 Vt. 99; Pierce v. Gilson, 9 Vt. 216; Murray v. Burling, 10 Johns. 172; Otisfield v. Mayberry, 63 Me. 197. The case made out by the plaintiffs called for some substantial explanation from the defendant, and, if he had any to offer, he should have moved upon affidavits, instead of conceding, as he did, for present purposes, the truth of the allegations made by the plaintiffs.

The order must be affirmed, with costs. All concur.

---

### REILLY v. SICILIAN ASPHALT PAV. CO.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

PLEADING—SUPPLEMENTAL ANSWER—SUBSTANTIAL DEFENSE.

The defense that an action for negligent injuries to plaintiff's person is barred by a judgment for injuries to his property by the same negligent act is sufficiently substantial to entitle defendant to leave to present it by supplemental answer, where the judgment was rendered after issue was joined in the action for the personal injuries.

Appeal from special term, New York county.

Action by John F. Reilly against the Sicilian Asphalt Paving Company to recover for personal injuries. From an order denying its motion for leave to file a supplementary answer, defendant appeals. Reversed.

This action is brought to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. Issue was joined on the 7th day of August, 1895. Thereafter an amended complaint, increasing the demand for damages, was received, and issue was finally joined by service of an answer on the 3d day of October, 1895. Prior to the service of this second answer, the plaintiff brought another action against the defendant in the district court, based upon precisely the same state of facts alleged in the complaint herein, but, instead of attempting to recover for damages for personal injuries, demanded judgment for damages to the wagon in which he was riding at the time of the accident. In the district court action a judgment was rendered for the plaintiff on the 31st day of October, 1895, and was thereafter satisfied. The proposed supplemental answer seeks to set up the recovery and satisfaction of the district court judgment as a plea or defense in bar of a recovery in this action.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Herbert C. Smyth, for appellant.
James Kearney, for respondent.

O'BRIEN, J. The district court judgment was recovered and satisfied subsequent to the service of the answer in this action; and, un-

less some good legal reason was shown to the contrary, the motion should have been granted. As appears by the memorandum of the learned judge at special term, questions of laches and good faith were eliminated, and his denial was placed upon the case of Perry v. Dickerson, 85 N. Y. 345, which he concluded was an authority against the validity of the defense sought to be interposed by the supplemental answer. In that case the plaintiff brought an action to recover damages for an alleged wrongful dismissal from defendant's employment before the expiration of a stipulated term. It was held that the judgment therein was not a bar to a subsequent action to recover wages earned during the time the plaintiff was actually employed, and due and payable before the wrongful dismissal, and that the two claims constituted separate and independent causes of action, upon which separate actions were maintainable. It was therein further held that, to sustain a plea of a former judgment in bar, it must appear that the cause of action in both suits was the same, or that some fact essential to the maintenance of the second suit was an issue in the first action. This, however, is not a case where two causes of action spring out of the same contract, but is one in tort; and the defendant insists that, though the plaintiff may have separate causes of action for loss of property and for injuries to the person, yet, where both come from but one act of negligence, there can be but one suit to recover the whole damage.

In support of this view, our attention is called to the case of Nathans v. Hope, 77 N. Y. 420, wherein the rule is laid down in the following language:

"The principle is well settled that an entire, indivisible demand cannot be split up into several claims, so as to make it a subject of two or more separate actions. It follows as a result of this rule that, where a claim arises upon a contract or from a tort, the entire claim must be prosecuted in a single suit, and several suits cannot be brought for separate parts of such claim. Where several suits are brought, the pendency of the first may be pleaded in abatement of the other suit or suits, and a judgment in either will be a bar to a recovery in any other suit."

See, also, Secor v. Sturgis, 16 N. Y. 548.

The distinction between the case of Perry v. Dickerson, supra, relied upon by the learned judge below, and the facts appearing in the case at bar, is apparent; and, enforced as this distinction is by the other cases to which reference has been made, it is manifest that the defense sought to be here interposed by way of supplemental answer is by no means a frivolous one, but is such as should be passed upon in the usual and orderly way upon a trial. Without, therefore, expressing any view upon the merits of such defense, we think, under the decisions, where neither laches nor want of good faith nor the frivolousness of a pleading can be urged against the granting of the relief, it was error not to accord to the defendant the right to serve the proposed supplemental answer, and thus afford him an opportunity to present the merits of the defense upon the trial.

The order is accordingly reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event. All concur.