(35 Misc. Rep. 127.)

## CAHNMANN v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. May, 1901.)

RES JUDICATA.

    In an action by a partner to recover damages for personal injuries sustained by a collision, defendant cannot introduce a judgment recovered by the firm for the injury to the firm horse and wagon at the time of the collision.

Appeal from trial term.

Action by Simpson Cahnmann against the Metropolitan Street-Railway Company. Judgment for defendant, and from the judgment and an order denying a new trial plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER and HASCALL, JJ.

E. S. Cahn (Otto Horwitz, of counsel), for appellant.

John T. Little, for respondent.

HASCALL, J. It is complained that the appellant had been injured through the negligence of the respondent; that he was driving a horse attached to a delivery wagon; that a car, approaching from behind, ran against the wagon with so much force as to knock it and the horse down, and throw the plaintiff to the street. It appears that this plaintiff and one Hoffman had, as partners and owners, already successfully maintained a suit in a municipal court to recover for the alleged damage to their horse and wagon, and it was sought by plaintiff, suing here in his individual capacity for damages for injuries to his person, to make the judgment roll and transcript of testimony in the municipal court action competent, conclusive, and unimpeachable evidence against the defendant as to the question of negligence,—the gravamen of the charge in both suits,—and, having introduced this documentary proof, then to rest his case, save for a mere assessment by the jury of his compensation. The court sustained an objection by the defendant to the introduction of the papers in evidence, holding that the contents did not constitute res adjudicata so as to conclude the defendant upon the trial herein, and the record shows that these papers were offered, excluded, and exception duly taken. Witnesses were then sworn upon both sides, the issues of fact submitted to the jury, and the defendant had a verdict. The plaintiff now appeals, claiming that the court below erred in excluding the record of the action in the municipal court.

We are asked to maintain the doctrine that the defendant has already had its day in court, notwithstanding the fact that the causes of action are not the same and the parties are different, on the theory that these matter not, since the defendant is charged in both suits with negligence. It has been authoritatively held that res adjudicata must be upon the merits and upon a judgment; that convenience and public policy require that issues which the parties have submitted to a court of competent jurisdiction and had deter-

mined are put to rest, and are not to be reopened and relitigated; . that their adjudication is conclusive, in all subsequent controversies between them, where the same matter comes again directly in question. House v. Lockwood, 137 N. Y. 268, 33 N. E. 595. This is not a case that possibly might be successfully invoked by the defendant setting up a former adjudication, and we find that Reilly v. Paving Co., 14 App. Div. 242, 43 N. Y. Supp. 536, manifestly does not apply, since the parties are not the same. Such a judgment might be successfully urged by the defendant as a bar, and the plaintiff, if citing and using it, would only do so to his failure of recovery. The many cases referred to by the appellant on his brief would seem to bear out the doctrine of estoppel, but do not go to the extent and limit of absolute res adjudicata, unless the parties be the same and the subject-matter the same in both actions. And this is the view in the decision of the United States circuit court of appeals (Railroad Co. v. Gumby, 39 C. C. A. 455, 99 Fed. 192) in causes of action much closer to the line than the one now before us. The appellant would certainly find his action barred here were the municipal court judgment rendered between the identical parties (Reilly v. Paving Co., 31 App. Div. 302, 52 N. Y. S. 817); and how shall we say that, had there been ten or more occupants of the wagon, each with his individual injury and action, we must hold here, as matter of law and irrespective of further proof, that each one of the ten is blameless, and did not contribute to the accident by his own interference or carelessness, because the owner of the vehicle, one of his fellow passengers, had recovered in another court for an injury to his property? And yet this is where, by natural sequence, the plaintiff would bring us, if we pursue to its legitimate conclusion the very astute and completely presented theory of his learned counsel.

As announced by appellant upon the argument, if we sustain the ruling below as to this principal question there is no need of further considering the case; but we have examined those portions of the charge of the trial justice against which exceptions are noted, and find them well supported by authority. Judgment and order should be affirmed, with costs.

Judgment and order affirmed, with costs.


FITZSIMONS, C. J., and O'DWYER, J., concur.