the surrogate made in this case, providing that the amount of the federal war tax should not be deducted from the assessed valuation of Mr. Vanderbilt's estate, must be affirmed, with costs.

(37 Misc. Rep. 475.)

## CAHNMANN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. March, 1902.)

RES JUDICATA.

    Where a firm recovered a judgment against a street railroad company for damages to the firm horse and wagon, caused by the negligence of the street railroad company, and the question of the company's negligence and the contributory negligence of one of the firm who was driving the team had been litigated in that action, the judgment rendered therein in favor of the firm is admissible in the driver's favor, in an action brought by him alone to recover for personal injuries received.

Appeal from city court of New York, general term.

Action by Simpson Cahnmann against the Metropolitan Street Railway Company. From a judgment of the general term (71 N. Y. Supp. 317) affirming a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Emanuel S. Cahn, for appellant.

Henry A. Robinson (John T. Little and Theodore H. Lord, of counsel), for respondent.

FREEDMAN, P. J. The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant. The injuries were sustained in the course of a collision between a car of the defendant and a horse and wagon driven by the plaintiff and belonging to the firm of Cahnmann & Hoffman, of which the plaintiff was a member. An action was brought in the municipal court by the members of the firm to recover damages for the injuries to the horse and wagon, which action resulted in a judgment for the plaintiffs. Upon the trial of the above-entitled action in the city court the plaintiff offered in evidence the judgment roll and the stenographer's minutes in the municipal court action, upon the ground that they were admissible as res adjudicata upon the question of defendant's negligence and plaintiff's contributory negligence. They were excluded, and the plaintiff was compelled to litigate these questions over again. To the rulings upon this point the plaintiff duly excepted. The trial resulted in a verdict for the defendant. Plaintiff's motion for a new trial having been denied, and judgment having been entered in favor of the defendant upon the verdict, the plaintiff appealed to the general term of the city court, where the judgment and order were affirmed. The plaintiff thereupon appealed to this court.

The general doctrine of res adjudicata is that issues which the parties have submitted to a court of competent jurisdiction and have had determined are put at rest, and are not to be reopened and relitigated, and that this adjudication is conclusive in all subsequent con-

troversies between them where the same matter comes again directly in question. True, a judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided. But it is final as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue. Whenever the same question arises between the parties, in whatever form of action, and whether involved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise. House v. Lockwood, 137 N. Y. 259, 33 N. E. 595, citing many authorities.

In the case of Felix v. Devlin, 50 App. Div. 331, 334, 64 N. Y. Supp. 214, 215, the appellate division of this department, in an opinion by Judge Rumsey, says:

"The rule by which the extent of an adjudication is to be determined is laid down with admirable clearness in the case of Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195 In that case there was presented for consideration the distinction between the effect of a judgment as a bar against the prosecution of the second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties, but on a different cause of action; and it was held that, where the first judgment was rendered in an action between the same parties upon the same demand and cause of action, it operated, when rendered upon the merits, as a conclusive adjudication, not only as to every matter which was offered to sustain or defeat the claim, but as to every other matter which might have been proved for those purposes. But where the second action between the same parties was upon a different claim or demand the judgment in the prior action operated as an estoppel only as to those matters in issue upon the determination of which the finding or verdict was rendered. That distinction has been recognized in this state, although never, perhaps, so clearly put as in the case cited. [Citing authorities.]"

The rule applies even to a judgment by default or confession until it has been reversed, set aside, or vacated. Brown v. Mayor, etc., 66 N. Y. 385; Gates v. Preston, 41 N. Y. 113; Newton v. Hook, 48 N. Y. 676. And in the recent case of Williams v. Barkley, 165 N. Y. 48, 58 N. E. 765, the court of appeals held as follows:

"A former adjudication is binding upon parties and their privies, and prevents them from litigating over again such matters as were previously at issue between them and were finally decided by a competent court. If the record of the former proceeding, although made upon a motion, but after an investigation through witnesses examined and cross-examined, shows that the decision could not have been made without deciding the principal matter now in controversy, the latter must be regarded as settled by the previous action of the court, for to litigate the fact anew would impeach the first decision."

In the case at bar the general term of the city court sustained the rulings of the trial judge in reliance upon the decisions of Reilly v. Paving Co., 14 App. Div. 242, 43 N. Y. Supp. 536; Id., 31 App. Div. 302, 52 N. Y. Supp. 817; and Railroad Co. v. Gumby, 39 C. C. A. 455, 99 Fed. 192. But these cases have no application here. In the Reilly Case the decision is to the effect that an entire indivisible demand arising out of the same tort cannot be split up into several claims so as to make it a subject of two or more separate actions by the same plaintiff. That decision would control if Cahnmann

had been the sole owner of the horse and wagon, instead of the co-partnership of which he was a member. In such case the judgment of the municipal court would have been a bar to the present action. But in that action his partner had an interest, while in the present action the said partner had absolutely no interest, and consequently both causes of action could not have been joined in one suit. In Railroad Co. v. Gumby the plaintiff was suing to recover damages for loss of services, and it was attempted to read in evidence the testimony of a deceased witness taken in the case of Clayton as guardian ad litem against the railway company. In the first place, the person who was guardian ad litem was not the same person who was suing for loss of services, the one being Elizabeth Clayton, grandmother of the injured infant, and the other Anna Gumby, mother of the injured infant. Secondly, even if they had been the same person, the courts have held in a number of instances that a person suing individually and the same person suing as guardian ad litem are not the same person as a matter of law, because of the fact that whatever sum may be recovered by the person suing as guardian ad litem is recovered, not for his or her benefit, but for the benefit of the infant. In the case at bar the injuries to the horse and wagon owned by the plaintiff and his copartner and the injuries to the plaintiff individually were occasioned by the same collision; the plaintiff was the driver, and no one else was on the wagon with him; the questions relating to his contributory negligence and to the negligence of the defendant were fully litigated in the municipal court; and the trial concluded by the rendition of a judgment upon the merits in favor of the plaintiffs and against the defendant. For these reasons, and it being conceded that the municipal court has jurisdiction over the parties and the subject-matter of the action, I am of the opinion that the questions relating to defendant's negligence and to plaintiff's contributory negligence in the matter of the collision were by that trial for all time determined between those who were parties to that action and are also parties to the present action. Both the plaintiff and the defendant were such parties, and hence the fact that there was an additional party plaintiff is not material here.

In Craig v. Ward, 36 Barb. 377, affirmed 3 Keyes, 387, it was held:

"It is not necessary that the parties should be the same in the second action, or that they should occupy the same relative positions of plaintiff and defendant as in the former action, or that the form of action should be the same. The test is whether the party against whom the former judgment is sought to be used was or had an opportunity of being heard, and the matter litigated is the same, and the parties are in privity as to such matter. [Citing authorities.]"

See, also, Lawrence v. Hunt, 10 Wend. 80, 25 Am. Dec. 539 (cited with approval in Sweet v. Tuttle, 14 N. Y. 473; Krekeler v. Ritter, 62 N. Y. 374; Belden v. State, 103 N. Y. 8, 8 N. E. 363); Ehle v. Bingham, 7 Barb. 494; Demarest v. Darg, 32 N. Y. 281; Tuska v. O'Brien, 68 N. Y. 446; Leavitt v. Wolcott, 95 N. Y. 212; Freem. Judgm. § 160, and cases there cited.

For the foregoing reasons the judgment of the municipal court was available to the plaintiff in this action as an estoppel between

the plaintiff and the defendant upon the question of defendant's negligence and the question of plaintiff's contributory negligence in the matter of the collision complained of, and it was error to exclude the judgment roll and the minutes of said court, and to compel the plaintiff to litigate the said questions over again. The conclusion thus reached renders it unnecessary to discuss the questions arising upon the judge's charge to the jury. The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.