## BERNITT et al. v. SMITH-POWERS LOGGING CO. et al.

(Circuit Court, D. Oregon. January 9, 1911.)

### No. 3,646.

1. JOINT ADVENTURES (§ 8*) — ACCOUNTING — RECOVERY OF INDEBTEDNESS AGAINST THIRD PERSON.

Two out of three joint owners of property involved in a joint adventure could not sue a third party for a debt due to the joint enterprise.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 9; Dec. Dig. § 8.*]

2. ACTION (§ 53*)—SPLITTING DEMAND.

Where defendant owed a claim to the persons interested in a joint adventure, he was entitled to have the entire claim prosecuted against him at once; and hence no number of the members of the joint adventure, less than all, could recover their undivided interest in the debt against defendant, unless the interest of the remaining member or members was released.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. JOINT ADVENTURES (§ 5\*)—DISSOLUTION—ACCOUNTING—RECEIVERS.**

Where, in a suit for dissolution of a joint adventure and for an accounting, there was a sharp contest between the parties as to the nature of the agreement, and the question of copartnership or joint adventure was contested, the business being such that the court could not carry it on under a receivership, and defendants being solvent and able to respond in damages, an application for a receiver would be denied.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 7; Dec. Dig. § 5.\*]

In Equity. Suit by E. W. Bernitt and another against the Smith-Powers Logging Company and others for an accounting growing out of an alleged joint adventure. On demurrer to the bill, and on complainants' application for a receiver. Demurrer sustained, and motion for receiver denied.

W. U. Douglas, John F. Hall, James T. Hall, and Watson & Beekman, for plaintiffs.

John D. Goss, for defendants.

WOLVERTON, District Judge. This is a suit for an accounting growing out of alleged copartnership or joint relations. It is shown, in effect, by the bill of complaint, that about the year 1882 E. B. Dean, David Wilcox, and C. H. Merchant were copartners, under the firm name of E. B. Dean & Co.; that said copartnership and E. W. Bernitt, William Klahn, George Wulff, and David Young entered into a partnership agreement in substance as follows: That E. B. Dean & Co., being the owners of certain lands abutting upon tide waters and of the tide lands adjacent, agreed with the said Bernitt, Klahn, Wulff, and Young that they together would build, construct, and operate, upon the lands owned by E. B. Dean & Co., and in the channel of Coos river, log booms and dolphins for the purpose of catching and storing therein sawlogs, piles, and other timbers, and making up rafts thereof, and rafting and transporting the same to the different mills and other places upon Coos Bay; that Bernitt, Klahn, Wulff, and Young were to engage in capturing the logs and timbers and storing them in the booms, and were to do the rafting of the logs, timbers, and piles, for which a charge, not to be participated in by E. B. Dean & Co., was agreed to be exacted in addition to the boomage charge; that in pursuance of such agreement the parties to such copartnership entered into the possession of the lands described, and also into the possession of another tract of land in the possession and under the control of E. B. Dean & Co., and constructed thereon log booms, by driving poles and dolphins and attaching sticks thereto, and improving the same in accordance with the agreement; that E. B. Dean & Co. were to have one-half interest in the boomage charge, after paying one-half of the costs of maintenance, and each of the other four parties was to receive one-eighth interest therein and the profits thereof, after each contributing one-eighth to the cost of maintenance. It is further alleged that, by reason of the death of one of the members of the firm of E. B. Dean & Co., about July 17, 1897, the firm was dissolved, and that thereafter the property of the firm was sold to

Dean Lumber Company, a corporation; that later the Dean Lumber Company sold and transferred its interest in the copartnership or joint property to Charles A. Smith, and later Smith sold and transferred his interest to the defendant Smith-Powers Logging Company; that each of the succeeding parties, namely, Dean Lumber Company, Charles A. Smith, and Smith-Powers Logging Company, continued to act in the name and place of E. B. Dean & Co., and carried on the business jointly with the said Bernitt, Klahn, Wullf, and Young, and their successors in interest, up to about the —————— day of June, 1909, at which time the Smith-Powers Logging Company, it is alleged, entered into the exclusive possession of the booms, and has excluded the plaintiffs therefrom. It is further alleged that the customary charge imposed by the copartnership or joint enterprise for the catching and storing of logs and timber in the booms was the sum of 25 cents per 1,000 feet, and one-fourth of 1 cent per foot for piling. It is further alleged that E. W. Bernitt subsequently succeeded to an additional one-eighth interest in the copartnership or joint business, which, together with his own, gave him a one-fourth interest; that the plaintiff Victor Wittick has, by mesne transfers, succeeded to a one-fourth interest in the said business; and that the present ownership of the entire business consists of the Smith-Powers Logging Company, being entitled to one-half interest therein, and E. W. Bernitt and Victor Wittick, being each entitled to one-fourth interest. In addition to this the plaintiffs, it is alleged, were permitted to and did charge to customers employing them the further sum of 35 cents per 1,000 feet for rafting the sawlogs, and one-half of 1 cent per foot for rafting the piling, and conveying them from the booms to the parties desiring the service. But these last charges are no part of the compensation to be received by the copartnership for rafting the logs and booming them within their lodgment prepared by the parties. It is further alleged that C. A. Smith and Smith-Powers Logging Company and C. A. Smith Lumbering & Manufacturing Company have recognized the rights of the plaintiffs in and to said boomage business, and have participated with them in the operation thereof. By further allegation it is shown that the plaintiffs caught and stored in the booms for the defendant Simpson Lumber Company certain sawlogs and piles, for which service said company agreed to pay the sum of 25 cents per 1,000 upon the sawlogs and one-fourth of 1 cent per foot upon the piling, and thereafter that the plaintiffs rafted the larger portion of said sawlogs and piling, and conveyed and delivered the same to said company, for which they were entitled to charge 35 cents per 1,000 for the rafting and conveyance of the logs and one-half of 1 cent per foot for rafting the piling. It is further alleged that the defendants have combined, by some secret agreement, for the purpose of ousting the plaintiffs from their joint possession with defendants in said booming privileges and rights; that through the agency of the defendant Smith-Powers Logging Company they have in fact so ousted plaintiffs; and that by virtue of the partnership or joint ownership agreement between the plaintiffs and defendants the plaintiffs are each entitled to one-fourth of any and all boom charges or

earnings made for catching, storing, or booming logs, timbers, and piles, in addition to their charge for individual labor in·rafting the same to their place of destination. The value of the property alleged to be owned and in the occupancy of the alleged joint enterprise is fixed at $18,000. The prayer of the complaint is for an accounting, and for the appointment of a receiver to take charge of and maintain and operate the booms and property during the pendency of the litigation. A judgment is also sought by plaintiffs against the defendant Simpson Lumber Company for the sum of $2,503.83. ·Virtually the proceeding is also for the winding out of the business of the enterprise and a final adjustment of the proceeds among the several parties entitled thereto.

To this bill of complaint the defendant Simpson Lumber Company has filed a demurrer, and the other defendants have answered. By the answer it is denied that there was any copartnership agreement entered into by and between the alleged original parties, or that such agreement was continued, or that there now exists any joint ownership by or between the parties to this suit. The theory of defendants, as disclosed, is that E. B. Dean & Co., being the owners of these tide lands, constructed the booms described in the complaint, and thereafter that the plaintiffs and their predecessors in interest contributed their work and labor to the maintenance of the booms, and were charged with the duty of catching and gathering the logs in the booms, and that by understanding between the parties E. B. Dean & Co. were to receive 12½ cents per 1,000 for the sawlogs which were secured and placed in the booms, and one-eighth of 1 cent per foot for the piling, and that the plaintiffs and their predecessors in interest were to receive a like sum for their services in the premises; that, while there was a joint arrangement to this effect, there was never any copartnership agreement entered into or subsisting between the parties; but it is admitted, in effect, that the defendants C. A. Smith and the Smith-Powers Logging Company did for awhile operate said booms, with the assistance and by aid of the labor of the said plaintiffs, and so continued up to about the month of October, 1907.

The plaintiffs have, in connection with the suit, moved for the appointment of a receiver pendente lite, and in support of their motion filed numerous affidavits, which tend in their proofs to establish the facts alleged in the complaint. The defendants have also filed numerous affidavits in opposition to the motion, but have developed nothing of substance in addition to their answer. The questions for consideration arise, first, upon the defendant Simpson Lumber Company's demurrer to the complaint; and, second, upon the motion for the appointment of·a receiver.

It is clear that the demurrer to the complaint must be sustained. The theory of the plaintiffs' cause is that there exists between the plaintiffs and the defendants a joint enterprise, at least, if not a copartnership, and the primary object of the proceeding is to have an accounting between the copartners or joint owners. The Simpson Lumber Company is not a member of the copartnership or a participant in the joint enterprise, whatever it may be termed. The case,

therefore, is one where two out of three joint owners are suing a third party for a debt due the partnership or joint enterprise. I say this because a part of the claim is upon a joint demand, while it is true a part is for the individual demand of the plaintiffs. The law does not tolerate the splitting up of demands in bringing suit thereon. A defendant is entitled to have the entire claim prosecuted against him, or none, unless relinquished in part, and one or more members of a copartnership, less than the whole, cannot proceed to recover their undivided interest in a debt against any debtor of the firm. This is so elementary that it needs no authorities to sustain it. The demurrer must therefore be sustained.

As it pertains to the motion for the appointment of a receiver, there is, perhaps, but slight difference between a copartnership, as it may affect the question, and a joint enterprise, and if it appears that one member of the firm or enterprise has, without right, entered into the possession of the property, and has ousted the other members and taken charge of the management and control of the business, sufficient cause is presented for the appointment of a receiver. But, on the other hand, if the copartnership or joint enterprise is denied, and a question is raised as to the existence of such an arrangement or understanding, and that remains an issue in the case, the court will not interpose to take charge of the property of the concern, whatever it may be, lest it may interfere with the property or business of some person not concerned in the affair. In the present case there is a sharp contest between the parties as to the nature of the agreement under which the parties operated; and especially is the question of a copartnership or joint enterprise stoutly contested. Further than this, the business must needs be closed out, as the court cannot properly carry it on under a receivership. The property interests are not large, and the defendants are solvent and able to respond, or at least there is no charge of insolvency; so that, under the conditions obtaining, it is plain the court ought not to exercise its discretion by appointing a receiver.

The foregoing propositions are borne out by the following authorities: King et al. v. Barnes et al., 109 N. Y. 267, 16 N. E. 332; Wilcox et al. v. Pratt, 125 N. Y. 688, 25 N. E. 1091; High on Receivers (2d. Ed.) § 476; Irwin v. Everson, 95 Ala. 64, 10 South. 320.

The motion will therefore be denied.