# SIGNE A. AND JOHN Q. ADAMS v. CITY OF DULUTH.[1]

July 27, 1928.

Nos. 26,556, 26,797.

**Question of negligence res judicata in this action.**

1. An issue as to negligence having been tried and determined in a previous damage suit, under the facts here it was res adjudicata, and the court properly withdrew that question from the jury.

**Cause of action was not split.**

2. There was no splitting of a cause of action; judgment in a previous action was not a bar to recovery.

Actions, 1 C. J. p. 1118 n. 22.
Judgments, 34 C. J. p. 920 n. 60; p. 921 n. 78.

Two actions in the district court for St. Louis county, one by Signe A. Adams to recover damages for personal injuries caused by defendant's negligence, and the other by her husband, John Q. Adams, to recover damages for loss of his wife's services and the expenses incident to her injury. There was a verdict in each case for the plaintiff, and defendant separately appealed from the judgments, Magney, J. entered thereon. Affirmed.

*John B. Richards* and *Harry E. Weinberg,* for appellant.

*Nelson & Cedergren,* for respondents.

HILTON, J.

Appeals from two judgments against the city of Duluth in favor of Signe A. Adams ($3,673.66) and John Q. Adams ($1,842.30).

Burns Lumber Company, a corporation, was the owner of a dwelling house in Duluth, subject to a contract for deed held by John Q. Adams and Signe A. Adams, who as husband and wife were joint tenants occupying said building as their home. The city of Duluth supplies gas to the public. On June 10, 1926, a violent gas explosion occurred in the residence which damaged it

[1]Reported in 221 N. W. 8.

and its contents and seriously injured Mrs. Adams. Three actions were instituted simultaneously for the recovery of damages. In one action (called herein the Burns case) the Burns Lumber Company and Mr. and Mrs. Adams joined for the recovery of damages for injury to the realty; in another Mrs. Adams sued for damages because of injury to her person; and the third, Mr. Adams' action, was to recover for damage to his personal property in the house and for consequential injury for loss of the society and services of his wife and for expenses incurred by him because of her injury. The charge of negligence was the same in all three actions, and on the same date each of the cases was noticed for trial at the September, 1926, term of court. The cases were continued to the November term at which time they were noticed for trial. At that term the Burns case was tried to a jury and resulted in a verdict for plaintiffs against the city in the sum of $1,500, and judgment was entered thereon January 10, 1927. This judgment was shortly thereafter paid and satisfied. The cases of Mr. and Mrs. Adams were further continued and finally came on for trial at the May, 1927, term. By stipulation they were tried together. At the opening of the trial, the judgment roll in the Burns case was introduced by plaintiffs.

In the Adams cases the issue was limited and restricted to the amount of damages. The court, practically by consent, eliminated the question of Mrs. Adams' contributory negligence; no error is assigned therefor. The question of negligence of the city in the instant cases was not submitted to the jury for the reason that such issue had been determined adversely to the defendant city in the Burns case and hence was res adjudicata in the two Adams cases. At the close of plaintiffs' cases, the city rested provisionally, made a motion for judgment on the pleadings on the ground that plaintiffs had split their causes of action and were precluded from further proceedings by reason of their participation in the Burns case. The motion was denied. The cases then proceeded with issues so limited and restricted, and verdicts were rendered for plaintiffs. The city, having made a motion for directed verdicts

which was denied, after the verdicts were received made a motion for an order for judgment notwithstanding the verdicts, which was also denied. Judgments were entered and these appeals taken.

The questions here for determination are: Did the court err (1) in restricting and limiting the issues to be tried; (2) in overruling defendant's contention that the plaintiffs Adams were estopped from prosecuting these cases by reason of the judgment in the Burns case?

1. The question as to the negligence of the city was an issue tried and determined (adversely to the city) in the Burns case; the plaintiffs Adams were parties thereto as was also the city. That determination settled the question not only in the Burns case but also for the Adams cases. The ruling of the court to that effect was correct. It was res adjudicata. The only issue remaining therefore was the amount of damages in each case. Fleischer v. Detroit Cadillac M. C. Co. 165 N. Y. S. 245; Town of Clarksville v. Ohio Falls Hydraulic Mfg. Co. 56 Ind. App. 198, 105 N. E. 67; State ex rel. Buchanan County v. Patton, 271 Mo. 554, 197 S. W. 353; Blondin v. Brooks, 83 Vt. 472, 76 A. 184; Cahnmann v. Metropolitan St. Ry. Co. 37 Misc. 475, 75 N. Y. S. 970; 15 R. C. L. 973, et seq. As to the distinction between estoppel by judgment and estoppel by verdict see Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088; 3 Dunnell, Minn. Dig. (2 ed.) §§ 5161, 5162, and cases cited.

2. It is true that all of the damages sustained were the result of one gas explosion caused by the negligence of the city. Authorities cited by defendant city in support of its contentions have been carefully examined and are found not at all determinative in this case. Most of them had to do with a plaintiff who was the only person damaged by the tortious act. There was no splitting of a cause of action here. In reaching a decision, it is not necessary for us to invoke the rule laid down in the earlier case of Skoglund v. Minneapolis St. Ry. Co. 45 Minn. 330, 47 N. W. 1071, 11 L. R. A. 222, 22 A. S. R. 733, which has at least not been extended in our later decisions. Without question, a person injured in an accident

cannot maintain different actions for separate injuries to his person against one who negligently caused the injury. If his personal property is destroyed or injured by one tortious act, he cannot maintain separate actions for different specific items of that property. Here however Mrs. Adams had a separate and distinct cause of action for injuries to her person; her husband had a separate and distinct cause of action upon which his suit was predicated. Each of the plaintiffs here included in an individual action all claims for damages belonging exclusively to such plaintiff. Where damages to a wife result from defendant's actionable fault, two distinct causes of action may accrue—one to her for the direct injuries to her person and the like; the other to her husband for the consequential injuries to him consisting of the loss of her services and society and of the expense to which he may have been put. Libaire v. M. & St. L. R. Co. 113 Minn. 517, 130 N. W. 8, citing Mageau v. G. N. Ry. Co. 103 Minn. 290, 115 N. W. 651, 946, 15 L.R.A.(N.S.) 511, 14 Ann. Cas. 551.

The main point relied upon by the city is that because the plaintiffs Adams joined with the Burns Lumber Company in the first suit and judgment was entered thereon such judgment is a bar to their suits. With this we do not agree. It is manifest that if one suit had been brought by all three parties against the city for recovery of all the damages sustained, there would have been a misjoinder of parties. Taylor v. Manhattan Ry. Co. 53 Hun, 305, 6 N. Y. S. 488.

The husband and wife were joint tenants of the dwelling house. Joint tenants must join in an action for damage to the joint property. 5 Dunnell, Minn. Dig. (2 ed.) § 7317, and cases cited; Bernitt v. Smith-Powers Logging Co. (C. C.) 184 F. 139; Blackburn v. Blackburn, 132 Mich. 525, 94 N. W. 24. The Burns Lumber Company was the owner of the dwelling house subject to the Adams' interest therein and was a proper party, as were each of the Adams, in the Burns case. All three cases were started at the same time and progressed together until the Burns case was tried. No objection was made to the manner in which recovery was sought in these three actions for damages sustained. No attempt was made by the

city to have the cases joined, and such attempt would undoubtedly have been futile.

As having a bearing upon the matters here being considered, attention is called to Abilene G. & E. Co. v. Thomas (Tex. Civ. App.) 211 S. W. 600, in which it was held that an action by a wife for personal injuries was not a bar to a suit by her to recover on a joint claim of herself and children growing out of the negligent act. To the same effect see Southern Ry. Co. v. King (C. C. A.) 160 F. 332. A recovery by a partnership for injury to a motorcycle does not preclude suit by one of the partners for a personal injury sustained by him in the same accident. Fleischer v. Detroit Cadillac M. C. Co. 165 N. Y. S. 245. Recovery of damages for slander against a firm is no bar to an action by one of the partners for damages to him as an individual for the use of the same words. Duffy v. Gray, 52 Mo. 528. Recovery by a partnership for damage to an easement in property owned by it caused by the operation of an elevated railroad is not a bar to a suit by one of the partners for injury to his health on account of such operation. Taylor v. Manhattan Ry. Co. 53 Hun, 305, 6 N. Y. S. 488.

The issue was properly limited to the amount of damages. There was no splitting of causes of action. The judgment in the Burns case was not a bar to recovery in the instant case. Having reached these conclusions, it is not necessary to consider the assertion of plaintiffs that defendant had waived the right to claim that there had been a splitting of the causes of action.

Judgments affirmed.