Robert P. Coombs *vs.* William L. West.

Waldo.  Opinion December 21, 1916.

*General rules of construction. Rule where land is described as bounded by
other land.  Where land is bounded by a non-navigable fresh water
stream or party wall.  Where a tree or rock is given as one
of the boundaries.  General rule where reference is made
in a deed to a tree as a boundary or monument*

1.  The general rule of construction of a deed may be thus stated; whenever land is described as bounded by other land, or by a building or structure, the name of which, according to its legal and ordinary meaning, includes the title to the land of which it has been made a part, as a house, a mill, a wharf, or the like, the side of the land or structure referred to as a boundary is the limit of the grant; but when the boundary line is simply by an object, whether natural or artificial, the name of which is used in ordinary speech as defining a boundary, and not as describing a title in fee, and which does not in its description or nature include the earth as far down as the grantor owns, and yet which has width, as in case of a way, a river, a ditch, a wall, a fence a tree, or a stake and stone, then the center of the thing so running over or standing on the land is the boundary of the lot granted.

2.  Where a grant is bounded upon a non-navigable fresh water stream, a highway, a ditch or a party wall, or the like, such stream, way, ditch or wall are to be deemed monuments located equally upon the land granted and the adjoining land, and in all such cases, the grant extends to the center of such monument. It is, however, competent for the grantor to limit his grant as he may choose.  He may exclude or include the entire monument, and run his line either side, or to the center thereof, at his pleasure, by the use of apt words to indicate his intention so to do.

3.  When walls, fences and the like are referred to as monuments, if they are of considerable thickness or width, the boundary line is always in the center of the monument, as has been seen in the case with streams and highways.

4.  A monument is a fixed place on the earth, a reference in a deed to a tree as a boundary or monument carries to the center of the tree, and, as the years go by, the tree increases in size the monument remains the same.

Writ of entry.  Plea of general issue.  Case was reported to Law Court upon agreed statement, the Law Court to render such

judgment as the law and facts require. In the defendant's deed the following words were used: "Beginning at a point in the northerly line of Franklin street, so called, four rods easterly of the tree standing on the southwesterly corner of the land conveyed to Charles E. White by Isaac M. Boardman." Under one of the stipulations it was agreed that if, under the construction placed upon the deeds by the court this measurement commenced at the center of the tree, judgment to be rendered for the defendant; otherwise, for plaintiff. Judgment for defendant.

Case stated in opinion.

*Dunton & Morse,* for plaintiff.

*Arthur Ritchie,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHILBROOK, JJ.

HALEY, J. This is a writ of entry to recover a strip of land about two feet in width on the northerly side of Franklin street in Belfast, and two feet and eight inches in width at the northerly line of the adjoining lots of plaintiff and defendant, and is reported to this court on an agreed statement of facts.

On the 13th day of September, 1898, one Isaac M. Boardman conveyed to Charles E. White, by deed, duly recorded, the land comprising the adjoining lots of the plaintiff and defendant. The land was conveyed as one lot. On the 26th day of October, 1898, Charles E. White conveyed, by warranty deed, to M. L. Mitchell so much of that lot as lies easterly of the following described line, to wit: "Beginning at a point in the northerly line of Franklin street, so called, four rods easterly of the tree standing in the southwesterly corner of the premises conveyed to said White by said deed from Boardman, and extending thence parallel with the line of Congress street, so called, to the northerly line of said premises."

April 28, 1908, Mitchell conveyed the premises to defendant West. February 9th, 1909, Charles E. White conveyed to Robert B. Coombs, the plaintiff, land now owned by him described in the deed as follows: "A certain lot or parcel of land with the buildings

thereon situated at the junction of Franklin and Congress streets in said Belfast, and bounded and described as follows, to wit: 'Bounded northerly by land of Mrs. Lefia Cottrell, easterly by land of W. L. West, southerly by Franklin street and westerly by Congress street, being the same premises conveyed to me by Isaac M. Boardman by his warranty deed dated September 13, 1898, and recorded in Waldo County Registry of Deeds in Book 204, Page 170, except so much thereof as was conveyed by me to Martin L. Mitchell by deed recorded in said registry.' "

It is agreed that if, under the construction placed upon the deeds by the court, the measurements commenced at the center of the elm tree judgment is to be rendered for the defendant, otherwise for plaintiff.

*In City of Boston* v. *Richardson,* 13 Allen, 154, the court states: "The general rule of construction may be thus stated; whenever land is described as bounded by other land, or by a building or structure, the name of which, according to its legal and ordinary meaning, includes the title to the land of which it has been made a part, as a house, a mill, a wharf, or the like, the side of the land or structure referred to as a boundary is the limit of the grant; but when the boundary line is simply by an object, whether natural or artificial, the name of which is used in ordinary speech as defining a boundary, and not as describing a title in fee, and which does not in its description or nature include the earth as far down as the grantor owns, and yet which has width, as in case of a way, a river, a ditch, a wall, a fence, a tree, or a stake and stone, then the center of the thing so running over or standing on the land is the boundary of the lot granted." In *Bradford* v. *Cressey,* 45 Maine, 13, the court states: "And it is undoubtedly true, that where a grant is bounded upon a non-navigable fresh water stream, a highway, a ditch or a party wall, or the like, such stream, way, ditch or wall are to be deemed monuments located equally upon the land granted and the adjoining land, and in all such cases, the grant extends to the center of such monument. It is, however, competent for the grantor to limit his grant as he may choose. He may exclude or include the entire monument, and run his line either side, or to the center thereof, at his pleasure, by the use of apt words to

indicate his intention so to do." In *Schneider* v. *Jacobs,* 86 Kentucky, 101, in speaking of a street as a monument, the court said: "The street, in such a case, is regarded as a single line; and as a single line it becomes a boundary of the lot. It is as a tree or rock which is called for as a boundary. The terminus of the line is ordinarily the center of the tree or rock unless the vendor's title to the property conveyed extends only to the edge of the tree or rock; and in the same manner the street is a monumental boundary." In *Jacobs* v. *Woolfolk,* L. R. A., 9, page 551, the court quotes from the Schneider case, and further says: "As seen, the street or alley is to be regarded as a single line, and the conveyance is to be treated as being the center thereof, the same as if a tree or rock had been called for. In other words, the center of the street or alley is one of the lines called for in the deed; and as long as the deed stands unattacked for fraud or mistake, it is to be conclusively presumed that it speaks the intention of the parties. Of course the parties may agree in the deed that the edge of the street is to be the dividing line. So also may they agree as to the tree or rock." In *Warner* v. *Southworth,* 6 Conn., 470, the plaintiff owned the lot described in his declaration, and the land adjoining thereto on the south that was owned by the defendant at the time of the acts complained of. The plaintiff threw up a bank and sank a ditch across the land for his own accommodation, and for a division between the north and south lots. This ditch he made about six feet wide, throwing the earth out on the north side of it. Afterwards he sold the south lot to Edward A. Leet, bounded it north on the ditch, and the same land the defendant owned at the time complained of. The evidence showed that the defendant, at the time of the trespass complained of, dug out the earth more than four feet from the center of the ditch and filled up the same on the south side of it to a height not exceeding the height of the defendant's land adjoining. The judge charged the jury that, "by the conveyance, the defendant owned the land to the center of the ditch, that where no division had been made, as in the case, the ditch was the common fence of both proprietors, and each had a right to repair it when it decayed for the common benefit of both lots, in a reasonable manner, according to the rules of good husbandry, but not to dig

more than four feet from the center line throwing and laying the bank on his own land."

The first objection to the charge was that by the conveyance the north line of the defendant was not the center of the ditch. The court said, "To this it is answered that where a conveyance is made bounded on a river not navigable the grantee holds to the center of the river, (citing cases). There is no doubt that had this been a river such is the law, and if it be considered as a common fence, as I supposed it to be, the law is the same. Doubtless had the boundary line been a stone wall six feet in width at the bottom, the grant would have extended to the center of it. This grant, by analogy, should be so construed. The charge upon this point is correct."

"When walls, fences, and the like are referred to as monuments, if they are of considerable thickness or width, the boundary line is always in the center of the monument, as has been seen in the case with streams and highways." Tiedman on Real Property, paragraph 838.

At the time of giving the deed to Martin L. Mitchell of the premises now owned by the defendant West, the tree mentioned was at the southwesterly corner of land conveyed to Charles E. White by Isaac Boardman, a part of which Charles E. White conveyed to Mitchell, it was on the boundary line, a monument at the southwest corner of the land conveyed by Boardman, and in selecting it as a monument from which to run the line of the land conveyed to the defendant, West, the grantor, used the same language that he would have used if he had been conveying the lot, or part of the lot, that adjoined the tree at the southwest corner. It was referred to as four rods easterly of the tree standing at the southwest corner. That language in a deed would have conveyed to the center of the tree, if the tree was standing at the southwest corner, and the parties used the description of it the same as they would if they had been making a deed of the other half of the lot, not from the outer edge of the tree, but from the center of the tree. "A monument is a fixed place on the earth, a reference in a deed to a tree as a boundary or monument carries to the center of the tree, and, as the years go by, the tree increases in size the monu-

ment remains the same." Otherwise, the monument would change with time. As the tree grew, if the monument was then outside of the tree, the lot would narrow up, and if lots were sold upon both sides of the tree, in the course of time there would be a strip of land upon which the tree stood that, although not owned by the grantor after the giving of his deeds, would appear to be his by the lapse of time and the action of nature.

There being no ambiguity in the deed of White to Mitchell, under whom the defendant claims, it is the duty of the court to construe it, and it is the opinion of the court that it was the intention of the parties and the legal construction of the language used, that the parties to the deed referred to the tree standing at the southwest corner of the White property as a monument, the same as they would have referred to it as a monument if they had been deeding the land at the southwest corner of the lot, and that the monument referred to by the deed, viz., the tree, was of considerable thickness or width, the point of the monument from which the measurement should begin is the center of the tree standing at the southwest corner of the lot conveyed to White by Boardman. Therefore the mandate must be,

*Judgment for defendant.*