# CLARA A. ROUSE v. MARTHA BOYE AND ANOTHER.[1]

January 16, 1925.

No. 24,283.

**Evidence of adverse possession did not sustain finding as to boundary.**

1. Action to locate a disputed boundary. The finding that plaintiff had been in possession of the strip of land in controversy for more than 15 years is not sustained by the evidence.

**Judgment quieting title does not prevent assertion of practical location of boundary.**

2. A judgment quieting title, to which an adjoining landowner is a party, does not preclude him from asserting that the boundary line between the two tracts has been established by a practical location thereof based on his adverse possession of the adjoining tract up to such line.

Action in the district court for Martin county. The case was tried before Dean, J., who ordered judgment in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Reversed.

*Paul C. Cooper*, for appellants.

*Haycraft & McCune*, for respondent.

TAYLOR, C.

This is an action to determine the location of a boundary line. The tracts of land involved lie in section 20 in township 101 of range 31 in Martin county, border on Tuttle Lake, and are described by metes and bounds. It is conceded that the southwest corner of section 20 is a known and established corner. The line in controversy begins 160 rods north and 95 rods east of this corner and runs north to Tuttle Lake a distance of something over 100 rods. Plaintiff's land lies east of this line and defendants' west of it. In 1886, defendants built a pasture fence along the line which they claim as the boundary. In 1896 they replaced this by a more permanent

[1]Reported in 201 N. W. 919.

fence which has been maintained until the present time. According to the surveys upon which defendants rely, this fence is practically upon the boundary. According to the survey made in 1898, upon which plaintiff relies, this fence is four to six rods east of the boundary. The trial court found that the line claimed by plaintiff was the true boundary, and that plaintiff and her predecessors in interest had been in the actual, open and adverse possession of the land in dispute for more than 15 years preceding the commencement of the action. Defendants appealed from an order denying a new trial.

The finding that plaintiff had been in adverse possession of the land in dispute cannot be sustained, for the undisputed evidence shows that defendants had occupied and used the land west of the fence to some extent ever since the fence was built, and that plaintiff has never occupied any part of it. Defendants claimed adverse possession; plaintiff did not.

In 1903 plaintiff brought an action against a large number of defendants, including the defendants in the present action, to quiet title to certain lands including the parcel of which the disputed line is the western boundary. The defendants in the present action interposed an answer in that action asserting title to a 5-acre tract, not involved in the present controversy, and disclaiming any interest in the remainder of the land claimed by plaintiff. Judgment was entered in August, 1903, quieting title in plaintiff to all the land except the 5-acre tract. The present action was commenced in March, 1918, not quite 15 years after the rendition of that judgment, and plaintiff insists that that judgment interrupted defendants' adverse possession of the land west of the fence, and bars them from claiming the benefit of their prior possession. Only the question of title was involved in that action. The question of the location of the boundary lines of the several parcels was not involved, and was not presented or passed upon. The judgment decreed that plaintiff was the owner of the parcel of land described therein, but did not determine the location of its boundaries on the ground; and the doctrine of res adjudicata, invoked by plaintiff, does not preclude the parties from litigating the question involved

in the present action. Krause v. Nolte, 217 Ill. 298, 75 N. E. 362, 3 Ann. Cas. 1061, and note. The judgment can be given no different effect in locating the boundary lines than would be given to the patent from the government or the deed from plaintiff's predecessor in title.

The evidence would sustain a finding that the line claimed by defendants had been established by "practical location." Dunnell, Minn. Dig. § 1083. The surveys are conflicting. The trial court mistakenly supposed that the plaintiff, instead of the defendants, was the party who had been in actual occupancy of the disputed strip. We cannot assume that this location of the boundary would have been the same regardless of this mistake. There must be a new trial.

Order reversed.