SARAH E. HOLTZ v. VINA BEIGHLEY.[1]

October 24, 1941.

No. 33,110.

[1]Reported in 300 N. W. 445.

*Josiah A. Baker,* for appellant.
*Floyd V. Nichols,* for respondent.

HILTON, JUSTICE.

This appeal is taken from a judgment dismissing an action brought by Sarah E. Holtz to determine the location of the boundary line between certain lots situated in the city of Albert Lea. Upon the ground that the boundary in dispute previously had been fixed by a final judgment, now *res adjudicata,* a motion to dismiss the action was granted by the trial judge.

In the prior action, which was begun July 24, 1929, Vina Beighley (defendant here) was plaintiff. It was there alleged that Louise Holtz, the mother and predecessor in title of Sarah E. Holtz, plaintiff in the present action, had wrongfully taken possession of a strip of land, 82½ feet long by 2½ feet wide, located on the north side and "within the true boundaries" of the Beighley lot. The Beighley lot lies south of the Holtz lot. Recovery of this strip was sought and allowed in that action. As appears in the judgment roll, the court found that a certain well represented the true south boundary of the Beighley lot and that the "north boundary line of said lot," the one here in dispute, was "three and one-half rods or fifty-seven and seventy-five one-hundredths (57.75) feet north from said well." The decree was that Louise Holtz had no interest or title to any property lying within the lot limits of the Beighley property as defined by the judgment. Vina Beighley was restored to full possession of her lot.

In holding the previous judgment a bar to the prosecution of this action, the trial judge applied the well recognized doctrine that previous adjudication of an issue of fact is conclusive between the parties as to the existence of that fact when it arises in a subsequent action premised upon a different claim or demand. See, for example, Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8;

In re Liquidation of Farmers State Bank, 187 Minn. 155, 244 N. W. 550; cf. Adams v. Adams, 25 Minn. 72. That doctrine has become known in this state as "estoppel by former verdict" as distinguished from "estoppel by former judgment," which applies where a new action is brought upon the same cause of action as was involved in the previous adjudication. Swank v. St. Paul City Ry. Co. 61 Minn. 423, 63 N. W. 1088. See 3 Dunnell, Dig. & Supp. §§ 5161, 5162.

Here, the previous action was one for recovery of a certain strip alleged to be unlawfully possessed by Louise Holtz, plaintiff's predecessor. In allowing that recovery the court necessarily found that the strip in question lay within the north boundary of the Beighley lot. The findings fixed that north boundary at "three and one-half rods or fifty-seven and seventy-five one-hundredths (57.75) feet north" of the well which, since 1904, had been mentioned in the calls to the Beighley lot as its south boundary. Thereafter, that north boundary was no less definite than had it been marked in concrete. Mere measure of space would yield precise certainty. Of course where the prior adjudication goes only to the question of title and does not determine the location of the boundary, the doctrine here applied cannot operate. Rouse v. Boye, 161 Minn. 431, 201 N. W. 919.

Certainly the emphasis by the trial judge of the center of the well as the location of the boundary line was not improper. Where a deed contains an unqualified reference to a monument as the boundary, the line thereof passes through the center of the monument. Coombs v. West, 115 Me. 489, 99 A. 445, 2 A. L. R. 1424; Freeman v. Bellegarde, 108 Cal. 179, 41 P. 289, 49 A. S. R. 76; cf. Radtke v. Rothschild Water Power Co. 158 Wis. 271, 148 N. W. 866.

Judgment affirmed.