VICENTE ZAYAS PIZARRO, Plaintiff and Appellee, *v.* PUERTO RICO LAND AUTHORITY, Defendant and Appellant.

No. 10593.   Argued August 26, 1952.—Decided October 10, 1952.

*Frank Brunet Calaf* for appellant.   *Vicente Zayas Pizarro, pro se.*

MR. JUSTICE MARRERO delivered the opinion of the Court.

In an action for a survey brought against the Puerto Rico Land Authority, the plaintiff Vicente Zayas Pizarro alleged in substance that he is the owner in fee simple of a rural property containing 107½ cuerdas of land, located in the Municipality of Juana Díaz and recorded in his name in the Registry of Property; that the said property is bounded on the North and East by lands formerly belonging to the People of Puerto Rico and now to the defendant; that the common boundaries of both properties are confused; that he requested the defendant to fix the boundaries of their

respective estates and it refused, replying "that it is best to have a court determine the points in question." Upon the essential averments of the complaint being denied, the case went to trial and both parties having offered oral and documentary evidence, the court *a quo* entered judgment granting the complaint and ordering the survey prayed for.

It is alleged on appeal, in the first place, that the court *a quo* erred: (1) in determining that the survey made in 1910 by the People of Puerto Rico was made without hearing or obtaining the acquiescence of the plaintiff or previous owners of the property in question; and (2) in ordering that the plan drawn by the Department of the Interior in 1910 be disregarded in the survey it ordered and directing that the same be fixed and laid out taking as a basis plaintiff's dominion title, which covers an area of 107½ cuerdas. Those errors were not committed. It appears indubitably from the record that on October 20, 1916, the People of Puerto Rico filed in the former District Court of Ponce a complaint in an action of revendication against Juan Aquilino González in connection with the lands now sought to be surveyed, although it alleged that the area of the property was 81.76 cuerdas; that the defendant therein objected and after a trial on the merits said court entered judgment dismissing the complaint; that the People of Puerto Rico appealed to this Court and while the appeal was pending Joint Resolution No. 19 [1] was approved on November 30, 1917, by virtue

---

[1] Joint Resolution No. 19 may be found at page 700 of Vol. II of the Laws of 1917 and reads:

"To Settle A Suit Which The People Of Porto Rico Has Instituted In The District Court Of Ponce Against Juan Aquilino González Relative To A Rural Property, And Directing The Commissioner Of The Interior And The Attorney General To Make Said Settlement.

"WHEREAS, Juan Aquilino González claims to be owner and is in possession of the following property:

" 'Rural property. Parcel of land situate in the 'Guayabal' ward, place called 'Quebrada Grande' in the municipal jurisdiction of Juana Díaz, containing one hundred and seven and one-half *cuerdas* of land, equivalent to 42 hectares, 25 ares and 18 centares, bounded on the north by lands of Vicente Cruz; on the south by José del Carmen Mercado; on the east by

of which the Attorney General of Puerto Rico was authorized, upon investigation of the case, to settle, if he deemed it convenient, the suit brought by the People against Juan Aquilino González in connection with the rural property called "Quebrada Grande," in the municipality of Juana Díaz, containing 107½ cuerdas; and that the case was settled for $300, as appears from the deed executed on July 28, 1920. It also appears from the record that on December 5, 1864, the *Junta Superior de Terrenos Baldíos* awarded Victoriano González, under certain conditions, a property consisting of 150 cuerdas of land in the "Guayabal" ward of the aforesaid municipality; that on April 15, 1898, Juan Aquilino González, a son of the former, success-fully filed possessory title proceedings in connection with 107½ cuerdas of the property in question; that on October 16, 1920, that property was acquired by plaintiff herein and his wife—partly by adjudication in payment of fees and partly by purchase—the acquirer, Zayas Pizarro, obtaining

lands of the Succession of Vitoriano González; and on the west by lands of the Succession of Ramón García and lands of María Santiago, widow of Pacheco.' Recorded in favor of Juan Aquilino González, at folio 104, Book 33 of Juana Díaz, property No. 1642; and

"WHEREAS, The People of Porto Rico also claim to be the owner of the above–described property and has filed a complaint in the District Court of Ponce against the said Juan Aquilino González, praying for the recovery of the aforesaid property; and

"WHEREAS, It would be to the interest of The People of Porto Rico and a sanction of the high principles of equity and justice to settle said suit, since questions of law and fact are raised therein which make doubtful the success of The People of Puerto Rico, and, furthermore, reveal considerations in favor of the possessor, Juan Aquilino González, which cannot be ignored in the light of principles of equity;

NOW, THEREFORE, *Be it resolved by the Legislature of Porto Rico:*

Section 1.—That The People of Porto Rico, by its Legislature, authorizes the Attorney General of Porto Rico, if he deems it advisable for The People of Porto Rico, to make a settlement, upon investigation of the case, with Juan Aquilino González. Juan Aquilino González to pay The People of Porto Rico, by reason of such settlement, a minimum sum of two hundred (200) dollars which shall be covered into the Insular Treasury, said payment to be made at the time of said settlement.

Section 2.—That this Act shall take effect ninety days after its approval."

the conversion of the possessory title into a dominion title on September 27, 1944, from which date the property with that area is recorded in his name.

 ▇ In accordance with the provisions of §§ 319 and 320 of the Civil Code: "Every owner has the right to demand the fixing of the boundaries of his property, giving notice thereof to the owners of adjoining tenements .... The fixing of boundaries shall be in accordance with the titles of each owner, and, in default of sufficient titles, from what may appear from the possession held by the contiguous owners." [2] *León* v. *León*, 26 P.R.R. 540, 542. Thus, pursuant to the specific provisions of the aforesaid legal precepts, Vicente Zayas Pizarro, as record owner of the property in question, had a clear right to demand a survey of his property. A proceeding of this nature is intended to define the boundaries of adjacent properties and may be brought at any time. Section 1865 of the Civil Code.[3] The judgment rendered therein neither takes away nor gives any rights. *La O* v. *Rodríguez*, 28 P.R.R. 593, 595. And the fact that another survey has been attempted or even made is no obstacle to the bringing of the action, provided that there are new reasons to repeat the operation. 77 *Jur. Civ.* 529, 541; Manresa, Spanish Civil Code, Vol. 3, 1934 ed., p. 306; *Frontera* v. *Rodríguez*, 31 P.R.R. 442, 445. Such reasons existed here. Therefore, the fact that in 1910 the People of Puerto Rico had made a survey of the property in question—which at that time the People claimed as belonging to it and in connection with which it subscribed a compromise deed [4]—

---

[2] See likewise Rule 34(*b*) of the Rules of Civil Procedure.

[3] Section 1865 of the Civil Code provides:

"Among coheirs, coowners, or proprietors of adjacent estates, *the action to demand* the division of the inheritance, of the thing held in common, or *the survey of the adjacent properties does not prescribe.*" (Italics ours.)

[4] A compromise has, with regard to the parties, the same authority as res adjudicata. *Zayas* v. *District Court*, 66 P.R.R. 213, 216. *Cf. Pérez* v. *District Court*, 70 P.R.R. 624, 628; *Cintrón* v. *Municipal Court*, 67 P.R.R. 743, 747; *Holtz* v. *Beighley*, 300 N. W. 445; *Crawford* v. *Crawford*, 200 S. E. 421, 423.

with or without hearing or obtaining the acquiescence of the plaintiff or previous owners, does not preclude the survey sought from being ordered in this proceeding.

■ Regarding the plan of the lands in dispute drawn in 1910 by the Department of the Interior, Francisco Forastieri, a witness who testified in behalf of the defendant, stated that in 1944 he surveyed certain lands in the Juana Díaz area and that he used said plan as a basis. Nevertheless, under the circumstances set forth and for the purposes of the instant action, we fail to see the pertinence of that plan.[5]

■ The defendant finally asserts that the trial court erred in reconsidering its decision not to admit in evidence a copy of a letter written by the plaintiff to the Commissioner of Labor on July 29, 1941, or a memorandum sent by him to said officer, and finally accepting them in evidence. It need not be decided whether or not the court a quo erred in acting as it did, inasmuch as the plaintiff himself took the witness stand and testified at length as to the contents thereof without objection on the part of the defendant. The admission of those documents added nothing to the statements of the witness. *Insular Industrial, etc.* v. *Cintrón*, 52 P.R.R. 611, 618; *People* v. *Compañía Insular de Transporte, Inc.*, 46 P.R.R. 576; *Waterman & Co., Inc.* v. *Méndez Hnos. & Co.*, 44 P.R.R. 339, 342.

Since the errors assigned were not committed, the judgment appealed from will be affirmed.

Mr. Chief Justice Todd, Jr., did not participate herein.

---

[5] *Cf. Serrano* v. *Succession of Santos*, 24 P.R.R. 163, 170.