In the Matter of the Application of Arnold HOFSTAD and Irene Hofstad, to Register the Title to Certain Land.

Nos. C1–85–835, C3–85–836.

Court of Appeals of Minnesota.

Nov. 12, 1985.

James D. Robinson, Jr., Murphy, Hansen & Robinson, Duluth, for respondent Hofstads.

Harry L. Newby, Jr., Newby, Korman, Lingren & Newby, Ltd., Cloquet, for appellant Korpelas.

Brian Anderson, Robert H. Magie, III, Donovan, McCarthy, Crassweller & Magie, P.A., Duluth, for appellant Hargests.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of a judgment on the pleadings in a declaratory judgment action. Appellants Hargests and Korpelas claim the trial court erred in (1) not resolving a boundary dispute but applying res judicata and collateral estoppel, (2) not allowing appellants to amend their answers, (3) awarding respondent $500 in attorney's fees, and (4) not interpreting an option agreement but applying res judicata and collateral estoppel. We affirm in part, reverse in part and remand.

## FACTS

In 1955 the Albenbergs owned all the involved property, which adjoins Chub Lake in northern Minnesota. On November 22, 1955, the Albenbergs deeded appellant Hargests most of this property, retaining only a northern section known as Albenberg Point and an access easement running west and southwesterly. On October 29, 1957, appellant Hargests deeded respondent Hofstads the property south and southeasterly of the easement, retaining only shoreline property north of the easement, but also selling respondent all property 15 feet north and northwesterly of the easement line. Respondent also obtained a five year option on certain property retained by appellant Hargests after which respondent was to possess a "first right to purchase." On October 1, 1969, the Alben-

bergs deeded appellant Hargests Albenberg Point.

On September 12, 1974, appellant Hargests deeded their remaining entire interest to their son Robert Hargest. Robert Hargest later registered the property, omitting reference to respondent's 15 foot strip, thereby registering the strip in his name. Shortly before his death, Robert Hargest deeded the property back to appellant Hargests, including the strip.

On April 10, 1979, appellant Hargests deeded Albenberg Point to appellant Korpelas, using the same description of Albenberg Point's southern boundary as in the original 1955 deed.

In 1980, respondent began registration, appellants opposed, and a trial resulted in 1982. The trial court concluded any certificates seeming to establish ownership of the 15 foot strip in any party other than respondent were void in that regard, and amended the option agreement's language, concluding the "remaining provisions of the Option Agreement continue in full force and effect."

On April 30, 1982, the trial court refused amended findings, conclusions of law, and judgment and refused to further interpret the option agreement. Appellant Hargests appealed to the Minnesota Supreme Court, which affirmed without written opinion.

Subsequently, respondent filed their petition for supplemental examiner's report, specifically requesting the erroneous certificates of title be cancelled. Respondent petitioned:

> In addition to matters addressed and settled by litigation between the parties as set out above, an additional matter, which appears to constitute an overlapping boundary description, has come to the attention of Petitioners as follows * * *.

The overlapping boundary description referred to Albenberg Point's southern boundary as determined by the easement's intersection with Albenberg Point's southwest corner. Appellants Hargests and Korpelas opposed the petition. Respondent asked for declaratory relief to construct the 1982 judgment and compel an amended examiner's report to complete registration. Appellants answered, both contesting boundaries and appellant Hargests requesting further interpretation of the option agreement. Both appellants then moved to amend their answers to assert the 1955 survey and its notes controlled. These motions were denied. Respondent filed intent to claim attorney's fees pursuant to Minn. Stat. § 549.21.

Respondent moved for judgment on the pleadings based on res judicata and collateral estoppel regarding the boundary issue and the option interpretation issue. The trial court granted respondent's motion and awarded respondent $500 in attorney's fees.

## ISSUES

1. Did the trial court properly apply res judicata and collateral estoppel to the boundary dispute?

2. Did the trial court properly deny appellants' motions for amended answer?

3. Did the trial court properly apply res judicata and collateral estoppel regarding interpretation of the option agreement?

4. Was the attorney's fees award proper?

## ANALYSIS

1. Appellants Hargests and Korpelas claim res judicata and collateral estoppel were improperly applied to the boundary issue.

Minnesota law recognizes two aspects of the doctrine of res judicata: (1) merger or bar, and (2) collateral estoppel. The first, also known as estoppel by judgment, serves as an absolute bar to a subsequent suit on the same cause of action both as to matters actually litigated and as to other claims or defenses that might have been litigated. Collateral estoppel, the other aspect of res judicata, operates only as to matters actually litigated, determined by, and essential to a previous judgment.

*Roseberg v. Steen,* 363 N.W.2d 102, 105 (Minn.Ct.App.1985) (citations omitted).

■ Appellants claim the 1982 trial and judgment only addressed title or ownership of property, not determination of boundary lines. *See Rouse v. Boye,* 161 Minn. 431, 201 N.W. 919 (1925). Respondent argued, and the trial court agreed, title and boundary were logically inseparable in the original action and therefore res judicata and collateral estoppel applied. *See Holtz v. Beighley,* 211 Minn. 153, 300 N.W. 445 (1941). For the 1982 court to determine ownership of the 15 foot strip, it was necessary to fix the boundary between the parcels. Res judicata and collateral estoppel were properly applied.

■ As respondent stated in their petition for supplemental examiner's report, the differing southern boundary descriptions of Albenberg Point resulting from conflicting intersections of the easement with Albenberg Point's southwest corner was a matter not determined by the 1982 court. Because that matter was not resolved, res judicata and collateral estoppel do not apply. This issue is remanded for determination of Albenberg Point's southern boundary.

■ 2. Appellants claim the trial court improperly refused their motions for amended answer because no prejudice would occur and the case's merits would be subserved.

The decision whether to permit a party to amend pleadings rests within the discretion of the trial court and will not be reversed in the absence of clear abuse of such discretion.

*Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn.1980); *see* Minn.R.Civ.P. 15.01. While amendment is liberally permitted and is generally granted absent prejudice to the adverse party, the Minnesota Supreme Court has denied amendment where it would serve no legal purpose. *See Eisert v. Greenberg Roofing & Sheet Metal Co.,*

314 N.W.2d 226, 228 (Minn.1982) (amendment properly denied where claim for punitive damages would have been disallowed anyway); D. Herr & R. Haydock, 1 *Minnesota Practice* § 15.5 (1985). Where res judicata and collateral estoppel apply, amendment is improper. Appellants' answers may be amended, therefore, only regarding Albenberg Point's southern boundary.

3. Appellant Hargests claim the trial court erroneously refused to interpret the option agreement where it applied res judicata and collateral estoppel. A contract may be construed under a declaratory judgment action. Minn.Stat. § 555.03 (1984). The trial court may refuse to enter declaratory judgment if doing so would not terminate the controversy. *Id.* § 555.06.

■ The identical four questions regarding the option agreement raised by appellant Hargests in the trial court were raised by them in 1982 in their motion for amended findings, conclusions of law, and order for judgment. That court refused to further interpret the agreement.

[A] judgment on the merits acts as a bar in a second suit based on the same cause of action and is conclusive not only as to every matter which was actually litigated but also as to every matter which might have been litigated. Furthermore, we recognized that a judgment acts as a bar in a subsequent action not only as to issues submitted in a prior suit but also as to issues covered in the pleadings which were not expressly determined in the first action and which were not withdrawn.

*In re McDonough,* 296 N.W.2d 648, 700 (Minn.1980) (emphasis deleted) (citations omitted).

Appellant Hargests claim a court's refusal to act is not a proper basis for employing res judicata and collateral estoppel. The 1982 trial court did act by refusing to amend. Appellant had full and fair opportunity to argue for consideration of the

questions. No uncertainty existed to warrant a refusal of declaratory judgment.

■ 4. Both appellants claim the trial court's award of attorney's fees was erroneous. Award was made pursuant to Minn.Stat. § 549.21 (1984), which permits award when an action or defense is pursued in bad faith, is frivolous, or brought merely for delay.

The award of attorney fees under this statute can only be upset upon a finding of abuse of discretion by the trial court. *National Recruiters, Inc. v. Toro Company*, 343 N.W.2d 704, 709 (Minn.Ct.App. 1984). The record fails to indicate any bad faith by appellants. There were bona fide issues to decide as evidenced by the petition for supplemental examiner's report. The attorney's fees award was improper.

■ Respondent on appeal raises for the first time an argument regarding after-acquired property, claiming appellant Hargests are bound by the boundary description in the 1957 conveyance from Hargests to respondent. Because this issue is raised for the first time on appeal, we will not consider it. *See Morton v. Board of Commissioners*, 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974); Popovich & Niles, *A Practitioner's Guide to Bringing an Appeal in the Minnesota Court of Appeals*, 11 Wm. Mitchell L.Rev. 627, 634 (1985).

### DECISION

Res judicata and collateral estoppel were properly applied regarding all matters of the boundary issue except determination of the southern boundary of Albenberg Point for which remand is made. Appellants Hargests and Korpelas are permitted to amend their answers only as regards the southern boundary of Albenberg Point. Res judicata and collateral estoppel were properly applied to the option agreement issue. Because there is no record of bad faith by appellants, the award of attorney's fees was improper and is vacated.

Affirmed in part, reversed in part and remanded.