**John WISTROM, Appellant,**

v.

**DULUTH, MISSABE AND IRON RANGE RAILWAY COMPANY, a corporation, and subsidiary of Transtar Company, Inc., Respondent.**

**No. C7–01–821.**

Court of Appeals of Minnesota.

Dec. 18, 2001.

William Kvas, Richard L. Carlson, Hunegs, Stone, LeNeave, Kvas & Thornton, P.A., Minneapolis, MN, for appellant.

Eric J. Magnuson, Max C. Ramsey, Diane B. Bratvold, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, WILLIS, Judge, and FORSBERG, Judge.*

## OPINION

KALITOWSKI, Judge.

Appellant challenges the district court's order granting respondent's motion for summary judgment and dismissing appellant's action brought under the Federal Employers' Liability Act, contending that the court erred in determining that appellant's sole remedy lies under the Longshore and Harbor Workers' Compensation Act.

### FACTS

Appellant John Wistrom worked various jobs for respondent Duluth, Missabe and Iron Range Railway Company from 1976 to March 1996. During this time appellant was covered by the Longshore and Harbor Workers' Compensation Act (LHWCA). The record indicates that in 1992 appellant saw a doctor and complained of intermittent bilateral hand numbness and tingling.

In March 1996 appellant took a leave of absence from respondent to pursue another job, but returned to work for respon-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

dent in a new position in April 1996. Because appellant's new work for respondent involved railroad duties, it is undisputed that he was covered by the Federal Employers' Liability Act (FELA). On June 7, 1996, appellant sought medical attention for what he described as a "two to three month" history of bilateral hand numbness and was diagnosed with carpal tunnel syndrome (CTS), a cumulative trauma disorder. Appellant underwent surgery in November and December of 1996, which afforded him some relief from his symptoms.

In April 1997, appellant started a new position with respondent where he was again covered by the LHWCA. In this new position he continued to suffer symptoms related to his CTS and underwent further surgery in December 1998 and February 1999. Appellant returned to work after his surgeries, but his symptoms forced him to stop working in June 1999.

Appellant commenced this suit in September 1999 pursuant to the FELA claiming that respondent's negligence caused his wrist problems. Respondent moved for summary judgment arguing the LHWCA provided appellant's sole remedy. The district court granted respondent's motion in a judgment filed on March 13, 2001.

## ISSUE

Did the district court err by granting respondent's motion for summary judgment and finding that appellant's sole remedy lies under the LHWCA?

## ANALYSIS

On an appeal from summary judgment, we ask two questions:

(1) whether there are any genuine issues of material fact and

(2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). This court views the evidence in the light most favorable to the party against whom the motion was granted, and resolves all factual inferences and ambiguities in favor of the non-moving party. *Id.; Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974). A reviewing court need not defer to the district court's application of the law when the material facts are not in dispute. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989).

**1. Is summary judgment appropriate?**

Appellant contends that when the facts demonstrate that an employer's negligence caused any part of an injury to an employee covered by the FELA, summary judgment is inappropriate due to the relaxed causation standard for FELA cases. We disagree and note that FELA's relaxed causation standard is irrelevant.

■ The FELA allows injured railroad workers to recover for the negligence of their employer. 45 U.S.C. §§ 51–60 (1994). The LHWCA, on the other hand, allows eligible employees to recover for their work injuries regardless of fault. 33 U.S.C. §§ 901–950 (1994). Section 905 of the LHWCA states:

> The liability of an employer prescribed in section [904] shall be exclusive and in place of all other liability of such employer to the employee * * *.

33 U.S.C. § 905(a).

In *Chesapeake and Ohio Ry. Co. v. Schwalb,* 493 U.S. 40, 42, 110 S.Ct. 381, 383, 107 L.Ed.2d 278 (1989), in the context of a worker injured loading coal from a railway onto a ship, the United States Supreme Court stated that if the claimant's injuries are covered by the LHWCA, that act's remedy is exclusive and appellant may not resort to the FELA.

Even more on point, in *Stanley v. Western Maryland Ry. Co.*, 301 Md. 204, 482 A.2d 881, 883–84 (1984), a Maryland court addressed whether an injured worker was covered by the FELA or the LHWCA. Stanley began work in a position covered by the FELA in the mid–1950s. *Id.* at 882. Following a 1972 amendment to the LHWCA, Stanley received coverage under that act. *Id.* at 882–83. Stanley first noticed damage to his hearing due to work activities in 1977 while he was covered by the LHWCA. *Id.* at 882. Stanley brought his claim under the FELA seeking apportionment because he claimed the majority of his exposure to the injurious stimuli occurred prior to his coverage under the LHWCA. *Id.* at 882–83. The Maryland Court of Appeals held that

> the LHWCA decidedly applies to at least a portion of Stanley's exposure to the harmful noise. He thus is not entitled to pursue a separate claim under the FELA.

*Id.* at 884.

Thus, we conclude that regardless of the relaxed causation standard of the FELA, the LHWCA bars appellant's FELA action, and summary judgment is appropriate if the LHWCA applies to appellant's injuries.

### 2. Does the LHWCA apply?

Appellant contends the district court erred in determining that the LHWCA applies. He argues that under the last-injurious-exposure rule, utilized in *Stanley*, 482 A.2d at 884, his sole remedy lies under the FELA because he was diagnosed with CTS while working in a position that was covered by the FELA. We disagree.

■ We reject appellant's contention that the last-injurious-exposure rule applies here. The last-injurious-exposure rule provides:

> [T]he employer during the last employment in which the claimant was exposed

to injurious stimuli, prior to the date upon which the claimant became aware of the fact that he was suffering from an occupational disease arising naturally out of his employment, should be liable for the full amount of the award.

*Travelers Ins. Co. v. Cardillo*, 225 F.2d 137, 145 (2d Cir.1955). The Second Circuit developed this rule in a case that dealt only with apportioning liability between the employer and various insurers all covered under the LHWCA, so it provides no guidance in whether the LHWCA or the FELA applies. *Id.* at 139–40. The Fifth Circuit made a similar finding in *Fulks v. Avondale Shipyards, Inc.*, 637 F.2d 1008, 1012 (5th Cir.1981), when it stated, "*Cardillo* is a rule of liability assessment, not of jurisdiction." Here, appellant was covered by both the LHWCA and the FELA at various times so this case involves a jurisdictional matter. Since the last injurious exposure rule is a rule of liability assessment, it does not apply to the present jurisdictional matter.

■ As a result of the exclusivity provision in the LHWCA, 33 U.S.C. 905(a), as recognized in *Schwalb*, the precise time that appellant was first diagnosed with CTS is not controlling. Instead, we focus on when and how the CTS developed. Here there is evidence that: (1) appellant first suffered symptoms indicative of CTS in 1992 after years of hand-intensive labor, while covered by the LHWCA; and (2) in June 1996, after being covered by the FELA for only two months, appellant sought medical attention for symptoms he stated dated back "two to three months." These symptoms led to a diagnosis of CTS. But appellant's own expert stated that appellant's "original carpal tunnel syndrome problems" are "causally associated with his years of work as a railroad electrician."

We conclude that in light of this evidence, combined with the fact that CTS is

a cumulative trauma disorder which develops over time, appellant's CTS resulted, at least in part, from his 20 years of work while covered by the LHWCA. Therefore, as in *Stanley*, because at least a portion of appellant's injuries are covered by the LHWCA, that act's remedy is exclusive and bars his FELA claim.

## DECISION

Because appellant's repetitive trauma injury resulted at least in part from his years of employment under the LHWCA, the district court properly granted respondent's summary judgment motion dismissing appellant's claim under the FELA.

**Affirmed.**