*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0755**

Michael Otto Hartmann,
Appellant,

vs.

Minnesota Department of Agriculture, et al.,
Respondents.

**Filed January 30, 2017
Reversed and remanded
Smith, Tracy M., Judge**

Sibley County District Court
File No. 72-CV-15-94

Zenas Baer, Zenas Baer Law Office, Hawley, Minnesota (for appellant)

Lori Swanson, Attorney General, Christina M.B. Herriges, Assistant Attorney General, St. Paul, Minnesota (for respondents)

Considered and decided by Reyes, Presiding Judge; Johnson, Judge; and Smith, Tracy M., Judge.

## UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

Appellant Michael Otto Hartmann initiated the current action against the Minnesota Department of Agriculture (MDA), seeking the return of property seized by the agency during searches of his farm and truck, and injunctive relief barring the agency from regulating raw-milk sales without going through rulemaking and from unconstitutionally

interfering with his business. Hartmann was previously involved in litigation with the MDA from 2010 to 2011. In that prior action, the district court granted the MDA's petition for condemnation of food from Hartmann's farm. The district court also granted Hartmann's motion under Minn. R. Civ. P. 41.01 for voluntary dismissal of counterclaims that he had brought alleging constitutional violations, although the court—contrary to Hartmann's request—did so with prejudice. In the current action, the district court converted the MDA's motion to dismiss to one for summary judgment, dismissed his claims for injunctive relief on the basis of collateral estoppel, and granted Hartmann some, but not all, of his requested relief on the return-of-property petition.

On appeal, Hartmann argues that collateral estoppel does not bar his claims for injunctive relief and that a genuine dispute of material fact precludes summary judgment on his return-of-property petition. We conclude that, because identical issues were not actually litigated and determined in the prior action, the district court erred in determining that Hartmann's claims for injunctive relief are barred by collateral estoppel. We further conclude that the district court did not err in determining that there was no genuine dispute of material fact regarding damages on the return-of-property petition, but that, in light of the remand of the other issues, the court must reconsider the amount of damages. We therefore reverse and remand.

## FACTS

In 2010, the MDA embargoed food products at Hartmann's farm and petitioned the district court to condemn the embargoed food because it was adulterated and misbranded. Hartmann defended against the condemnation petition by asserting that he had a right under

article XIII, section 7 of the Minnesota Constitution to sell and peddle the products of his farm without interference by the MDA. Hartmann also asserted counterclaims against the MDA in that action, alleging that the MDA's actions had violated his due process rights and seeking damages and injunctive relief quashing the MDA's administrative orders. After a trial, the district court, in December 2010, granted the MDA's condemnation petition, rejecting Hartmann's defense under the Minnesota Constitution. The district court reasoned that, although the Minnesota Constitution gives farmers a limited right to sell and peddle the products of their farms without a license, it does not exempt them from regulations imposed on the production of those products.

At the same time, the district court in the condemnation action severed Hartmann's constitutional counterclaims. The MDA brought a dispositive motion on those claims. Hartmann did not respond to the MDA's motion but instead moved for voluntary dismissal of his counterclaims without prejudice under Minn. R. Civ. P. 41.01. The MDA objected to dismissal without prejudice. The district court agreed to dismiss the claims but decided do so with prejudice, explaining that it had been "inclined on prior occasions to dismiss the claims" but had refrained from doing so in order to "afford Hartmann every opportunity for due process."

In 2015, Hartmann initiated the current action. Pursuant to Minn. Stat. § 626.04 (2016), he petitioned for the return of property seized by the MDA during searches of his truck and farm in 2012 and 2013. Hartmann also sought damages and injunctive relief based on various theories of alleged constitutional violations, including deprivation of liberty and property interests without due process of law and violation of equal protection

3

under the Fourteenth Amendment to the U.S. Constitution, and violation of the right to sell and peddle under the Minnesota Constitution. He also alleged that the MDA is barred from regulating raw-milk sales until the agency goes through rulemaking. The basis for this latter allegation is not clear—the petition cites Minn. Stat. § 32.397 (2016), but the parties and the district court referred to this claim as one of Hartmann's "constitutional claims."

The MDA moved to dismiss Hartmann's petition. The district court granted the motion with respect to Hartmann's damages claim for constitutional violations under 42 U.S.C. § 1983 (2012) but denied the motion with respect to Hartmann's other claims for relief. As to the latter claims, the district court decided to treat the motion as one for summary judgment under Minn. R. Civ. P. 56 and gave the parties an additional opportunity to submit briefs. Following another hearing, the district court awarded Hartmann $68.33 in damages for seized property and granted summary judgment for the MDA on Hartmann's constitutional claims for injunctive relief—specifically, on Hartmann's request for an order barring the state from regulating raw-milk sales until it goes through rulemaking and on his request to enjoin the state from "interfering with the private transaction between Hartmann and his consumers."

Hartmann appeals.

**D E C I S I O N**

**I.    The district court did not err in converting the agency's motion to dismiss to a motion for summary judgment.**

Hartmann asserts that the district court erred in converting MDA's motion to dismiss for failure to state a claim into a motion for summary judgment with respect to his claims for injunctive relief and return of property. Under Minn. R. Civ. P. 12.02:

> If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In deciding the MDA's motion, the district court considered matters outside of Hartmann's petition, including an affidavit and supporting documents submitted by Hartmann's counsel. "[W]hen the district court considers matters outside the pleadings, the motion to dismiss [for failure to state a claim] shall be treated as one for summary judgment." *Defs. of Wildlife v. Ventura*, 632 N.W.2d 707, 711 (Minn. App. 2001) (quotation omitted), *review denied* (Oct. 24, 2011). The district court informed the parties that it was converting the motion and gave them the opportunity to make additional submissions and to be heard. The district court did not err.

**II.    The district court erred in granting summary judgment for the MDA on Hartmann's claims for injunctive relief on the basis of collateral estoppel, which may also affect the damages award under Minn. Stat. § 626.04.**

Hartmann argues that the district court erred in granting the MDA summary judgment on his constitutional claims and in awarding him only $68.33 on his return-of-

5

property petition. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. On appeal, "[w]e review a district court's summary judgment de novo. In doing so, we determine whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010) (citation omitted). The facts must be viewed in the light most favorable to the nonmoving party. *Grondahl v. Bullock*, 318 N.W.2d 240, 242 (Minn. 1982). Any uncertainty about whether an issue of fact exists must be resolved in favor of the nonmoving party. *Winstrom v. Duluth, Missabe & Iron Range Ry.*, 636 N.W.2d 611, 613 (Minn. App. 2001).

## A.    Collateral estoppel

Hartmann argues that the district court erred in concluding that his claims for injunctive relief are barred by collateral estoppel.[1] "Whether collateral estoppel precludes

---

[1] In his petition, Hartmann also asserted damages claims against the MDA and the commissioner of agriculture for alleged constitutional violations under 42 U.S.C. § 1983. The district court granted the MDA's motion to dismiss Hartmann's constitutional-damages claims for failure to state a claim, reasoning that the state is not a "person" subject to suit under section 1983 and that Hartmann failed to assert any facts stating a claim against the commissioner in his personal capacity. Hartmann does not challenge the dismissal of these damages claims in his brief on appeal. He has therefore forfeited any arguments regarding those claims. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982).

litigation of an issue is a mixed question of law and fact that we review de novo." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837 (Minn. 2004).

Collateral estoppel has the purpose of "protecting litigants from the burden of relitigating an identical issue with the same party . . . and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 649 (1979). Collateral estoppel applies when

> (1) the issue [is] identical to one in a prior adjudication; (2) there was a final judgment on the merits [in the prior proceeding]; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Kaiser v. N. States Power Co.*, 353 N.W.2d 899, 902 (Minn. 1984) (quotation omitted). Collateral estoppel is an equitable doctrine and may be applied only if its application is fair. *Barth v. Stenwick*, 761 N.W.2d 502, 508 (Minn. App. 2009). The doctrine applies only to issues "actually litigated, determined by, and essential to a previous judgment." *In re Application of Hofstad*, 376 N.W.2d 698, 700 (Minn. App. 1985) (quotation omitted).

The key questions in this case are (1) whether the constitutional issues asserted by Hartmann as a defense or as counterclaims in the condemnation action are identical to the issues raised in the current action and (2) whether there was a final judgment on the merits in the prior proceeding—in other words, whether the relevant issues were actually litigated, determined by, and necessary to the judgment in the condemnation proceeding.

### 1. *Identical Issues*

We begin with whether the issues in the two actions are identical.

In the condemnation action, which was initiated by the MDA, the district court held that condemning adulterated and misbranded food is a valid exercise of the state's police power and that, while Hartmann may be permitted under the Minnesota Constitution to make occasional sales of his farm products without a license, he is not free to ignore regulations. In that action, Hartmann asserted a defense to the MDA's requested condemnation of embargoed food based on the Minnesota Constitution, and he also asserted counterclaims against the agency for alleged due-process violations under the Fourteenth Amendment to the U.S. Constitution.

In the current action, which Hartmann initiated, Hartmann seeks an order enjoining the state from regulating raw-milk sales until the agency goes through rulemaking and enjoining the state from "interfering with the private transaction between Hartmann and his consumers." Hartmann bases his claims for injunctive relief on the Minnesota Constitution, due process under the Fourteenth Amendment, and equal protection under the Fourteenth Amendment.[2]

The issue of whether the MDA must engage in rulemaking before it can regulate raw-milk sales was not raised or addressed in the condemnation action. This issue was not actually litigated or determined in the previous action, and thus collateral estoppel may not be applied to preclude Hartmann from asserting it in the current action. *See Hofstad*, 376 N.W.2d at 700.

---

[2] Although the parties and the district court in the current action refer to the need-for-rulemaking claim as a constitutional claim, that claim also appears to be statutory in nature, and neither the constitutional nor the statutory issue was raised or addressed in the condemnation action.

Similarly, no equal-protection issue was raised in the condemnation action, so that issue is not barred by collateral estoppel. *Id.*

Hartmann did raise the issue of his alleged constitutional right to sell and peddle under the Minnesota Constitution both in the current action and in his defense and in counterclaims in the condemnation action. *See* Minn. Const. art. XIII, § 7 (establishing such a right). In the current action, Hartmann argues that the MDA lacks authority to "regulat[e] raw milk sales" or to "interfer[e] with the private transaction between Hartmann and his consumers" because he is exercising his constitutional right to sell and peddle the products of his farm without a license. In count one of his counterclaims in the condemnation action, Hartmann alleged that the MDA's actions in that case—seizing and embargoing food and issuing certain administrative orders—"deprive[d] Hartmann of his constitutional privileges guaranteed by . . . [the] Minnesota Revised Constitution, Article 13, Section 7." In count two of his counterclaims, Hartmann alleged that the MDA's actions and orders in that case "prevent[] Hartmann from exercising his constitutional rights to produce and sell farm products." Because Hartmann characterizes the issue in the current action as the constitutional right to enjoin future MDA regulation generally, as opposed to a constitutional right to preclude specific MDA conduct, the Minnesota constitutional issue in the current action is not identical to the condemnation action's sell-and-peddle defense and counterclaims, which related to specific regulatory actions taken by MDA at a particular time.

In the condemnation action, Hartmann also asserted a due-process counterclaim. Specifically, Hartmann labeled count one of his counterclaims "DEPRIVATION OF LIFE,

9

LIBERTY OR PROPERTY WITHOUT DUE PROCESS." This count asserted that the MDA's actions of inspecting Hartmann's farm, embargoing his products, and ordering him not to sell certain products and to comply with certain health and safety regulations, "deprive Hartmann of his constitutional rights guaranteed under the Fifth and Fourteenth Amendment[s] [to] the United States Constitution in violation of 42 U.S.C. § 1983." In the current petition, Hartmann alleges that "[i]nterpretation of the several statutes in such a way to permit the MDA to regulate, license and control sales of food products raised by Hartmann impairs Hartmann's . . . right of due process." In his briefs in the current action, Hartmann also alleges due-process violations based on association, privacy, and contract rights. The due-process issue in the condemnation action was nonspecific, making it difficult to determine whether these are identical issues. But even if these are the same issue, collateral estoppel is not applicable because the due-process issue was not actually litigated and determined in the condemnation action, as described below.

## 2. *Final Adjudication on the Merits*

The MDA argues that collateral estoppel applies because the dismissal of Hartmann's constitutional claims in the earlier proceeding was with prejudice and thus was an adjudication on the merits. It is certainly true that in general "a dismissal with prejudice operates as an adjudication on the merits." *Firoved v. Gen. Motors Corp.*, 277 Minn. 278, 283, 152 N.W.2d 364, 368 (1967). And such a dismissal may have claim-preclusive effect in a later action. *See State v. Joseph*, 636 N.W.2d 322, 327 (Minn. 2001) (applying res judicata, but not collateral estoppel, to prior involuntary dismissal of claim with prejudice under Minn. R. Civ. P. 41.02 based on statute of limitations).

10

But finality with respect to collateral estoppel is not necessarily the same thing as a final adjudication on the merits. *See* Restatement (Second) of Judgments § 13 (1982) ("The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion . . . , 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."). Collateral estoppel may apply to an issue decided in a previous action even though the case never came to a final adjudication on the merits. *See, e.g.*, *Robinette v. Jones*, 476 F.3d 585, 588-90 (8th Cir. 2007) (applying collateral estoppel to issues that were adjudicated in preliminary orders in a prior case even though the prior case was dismissed without prejudice). Conversely, a final judgment on the merits that did not actually determine an issue does not support application of collateral estoppel in a later action. *See Hofstad*, 376 N.W.2d at 700 (holding that collateral estoppel "operates only as to matters actually litigated, determined by, and essential to a previous judgment" (quotation omitted)).

The MDA has identified no Minnesota precedent, nor have we found any, in which a voluntary dismissal with prejudice under Minn. R. Civ. P. 41.01 resulted in collateral-estoppel effect in a subsequent legal action. Collateral estoppel focuses on specific facts or issues that were "actually litigated" and "determined by" a previous decision-maker even though they appear in a new cause of action. *Barth*, 761 N.W.2d at 508 (quotation omitted). In the condemnation action, the validity of Hartmann's constitutional claims—apart from his defense to the condemnation based on the Minnesota Constitution—was simply not finally determined by the district court. Although the district court in the

11

condemnation action indicated its skepticism about the constitutional claims, it severed those claims and never actually finally determined them because Hartmann moved to voluntarily dismiss them. There is no indication in the record before us that Hartmann understood that dismissal with prejudice meant that there would be collateral-estoppel effect with respect to constitutional issues in future actions.

To the extent that Hartmann's defense based on the right to sell and peddle was actually litigated in the condemnation action, as explained above, the decided issue was not identical to the sell-and-peddle issue raised in the current petition. In the condemnation action, the district court concluded that Hartmann's right to sell and peddle the products of his farm without a license did not exempt him from health and safety laws allowing the MDA to embargo and petition for the condemnation of food found to be adulterated and misbranded. There was no actual decision on the broader issue Hartmann raises now, relating to whether and how the right to sell and peddle affects the MDA's authority to "regulat[e] raw milk sales" and to "interfer[e] with the private transaction between Hartmann and his consumers."

As the MDA correctly observes in its brief, the issue before us is not whether the constitutional claims for injunctive relief asserted by Hartmann are cognizable but only whether the district court erred in granting summary judgment on those claims on the basis of collateral estoppel. Because we conclude that collateral estoppel does not apply to bar Hartmann's constitutional claims for injunctive relief, we reverse the district court's summary judgment against Hartmann on those claims and remand for further proceedings.

## B. Statutory damages under Minn. Stat. § 626.04

Hartmann argues that the district court erred in granting summary judgment in his favor in the amount of $68.33 as compensation for the seized property rather than the $1,265.36 he believes the property was worth. He argues that a genuine dispute of material fact precludes summary judgment. The MDA did not appeal the award.

Hartmann petitioned for return of seized property pursuant to Minn. Stat. § 626.04. His petition identified personal property and food items taken in two separate seizures by the MDA, in Hennepin and Sibley Counties. In a subsequent filing identifying the value of items taken, Hartmann listed the value of the property taken in those two seizures, as well as other property he claimed was taken in a seizure in Anoka County. The district court disregarded the property seized in Anoka County, which represented the majority of Hartmann's claimed damages, because it was not within the scope of Hartmann's petition. With respect to the remaining property, the district court concluded that, although the statute does not expressly provide for damages in lieu of the return of property, such a remedy is equitable. Relying on the values asserted by Hartmann, the district court awarded statutory damages of $68.33 as compensation for unreturned personal property but declined to award damages for food items (milk, cheese, ice cream, and eggs), which Hartmann valued at $102.10. The district court denied compensation for the food items because it concluded—apparently based on the prior condemnation action—that sale of that food was unlawful.

We conclude that the district court properly disregarded Hartmann's claim for property that was not within the scope of his petition. With respect to the remaining

13

property, because the parties did not dispute the nature of the property and the district court relied on Hartmann's own valuation of the property, we conclude that the district court properly determined that there was no genuine issue of material fact. The district court's award of $68.33 as compensation for personal property was not erroneous. However, with respect to its decision to deny compensation for the seized food, the district court relied on the statutory prohibition against any action to recover the "value of any food, the sale of which is . . . prohibited by law," Minn. Stat. § 31.07 (2016), and appears to have relied on collateral estoppel to determine the food items unlawful. To the extent that this ruling is based on the district court's application of collateral estoppel, which we conclude here is erroneous, its basis for denying compensation for the food items is not well founded. Whether compensation for the seized food is available and appropriate should also be addressed on remand.

**Reversed and remanded.**